33451. PALMOUR *v.* THE STATE.

DECIDED APRIL 25, 1951.

*Kimzey & Kimzey, Irwin R. Kimzey,* for plaintiff in error.
*Jeff C. Wayne, Solicitor-General,* contra.

GARDNER, J. 1. The evidence supported the verdict finding the defendant guilty as charged of possessing and transferring non-tax-paid whisky, and there is no merit in the general grounds of the motion for new trial. The testimony of the deputy sheriff that he observed the defendant take several of the containers and load them upon a truck, driving off therewith, together with the testimony of the sheriff that each of the containers in this cache contained white non-tax-paid whisky amply authorized the finding of the jury.

2. Special grounds of the motion for new trial, numbered one, two, three and four are grouped into one part and treated by the defendant's brief collectively.

In the first special ground error is assigned on this charge of the court: "Now then, the State contends that the defendant has made certain admissions here, and with reference to that, gentlemen, I charge you an admission, as applied to criminal cases, is a statement by the accused which is pertinent to the issue and tending, in connection with other facts or circumstances, to prove the guilt of the accused, but which of itself is not sufficient to authorize conviction, and all admissions shall be scanned with care." This charge does not amount to an

expression of opinion by the trial judge, as contended by the defendant, that the defendant had made certain admissions, but simply states that the State contends that the defendant made these admissions. This charge was clearly authorized by the evidence. The sheriff testified that the defendant admitted his guilt on several occasions, i. e., that the whisky cached in the woods and watched over by the deputy sheriff belonged to him but that he did not go there and the deputy was mistaken in so testifying, and also that he wanted to enter a plea of guilty to the charge and pay a fine to get rid of the case. The evidence to the above effect fully justified the charge of the court. Such charge was not error, as contended by the defendant, because the court did not in the same breath instruct the jury that the defendant did not admit making such admission but denied the same in his statement to the jury. Furthermore, the defendant's statement does not contain any direct and categorical denial that this whisky did not belong to him. The defendant simply denied going into the woods, as testified to by the deputy sheriff. The defendant also stated that in talking to the sheriff he said: "I will go down and am willing to do the right thing if they will put a small fine on me" and that the sheriff said, "I think I can get you out under a small fine if you will agree to it." The above excerpt from the court's charge was not erroneous for any of the reasons assigned. Had the defendant desired other and further instructions in the above connection, he should have requested the court so to charge. It was not error for the court to fail to give in connection with the foregoing the substance of Code §§ 38-411 and 38-420. Said charge was not an incorrect statement of the law applicable here, and a correct charge is not erroneous because in connection therewith the court did not charge some other correct principle of law.

Under the evidence no question arose concerning whether the so-called confession or admission by the defendant was freely and voluntarily given. The only evidence concerning an admission by the defendant was that of the sheriff, and he did not testify as to any facts from which the jury would have been authorized to find, independently of the defendant's statement to the jury, that the statement which the sheriff testified the

defendant made to him that the whisky belonged to him was not made freely and voluntarily and without hope of benefit or reward or fear of injury. It must be kept in mind that the statement of the defendant was not induced by the sheriff or anyone, but it was a proposition which originated in the defendant's own mind. The defendant approached the sheriff and not vice versa. It is true that from the defendant's statement to the jury it appeared that he said, "I will go down and I am willing to do right if they will put a small fine on me" and that the sheriff replied, "I think I can get you out under a small fine if you will agree to it." It has been held many times by this court that as to any contention of the defendant raised solely by the defendant's statement to the jury it is not error for the court to fail to charge the jury thereon where no written request therefor is made by the defendant.

In the second special ground the defendant complains that the court erred in failing to charge the jury that "to make an admission admissible, it must have been made voluntarily, without being induced by another, by the slightest hope of benefit or remotest fear of injury." In the third special ground the defendant insists that the court erred in not charging the jury that "all admissions shall be scanned with care and confessions of guilt shall be received with great caution," and that "a confession alone uncorroborated by any other evidence, shall not justify a conviction."

In the fourth special ground the defendant urges that it was error for the court not to charge that "if it should appear that the admissions were not freely and voluntarily made, or were induced by the slightest hope of benefit or fear of injury, they should not be considered by the jury." No request was made in writing by the defendant for a charge on either of the foregoing principles. As we have seen, there was no evidence to the effect that the admission or confession of the defendant to the sheriff that this whisky belonged to him was not freely and voluntarily made or that any hope of reward or benefit or fear of injury was held out to him. As above noted, the sheriff did not induce the defendant, but the defendant induced the sheriff. It is only by considering the unsworn statement of the defendant that we can even remotely consider that such conditions existed

regarding the conversation between the defendant and the sheriff concerning this case and this whisky as set out in the grounds now under consideration.

Furthermore, the statement made by the defendant to the sheriff was admitted in evidence without objection by the defendant. There was no objection by the defendant that the proper foundation had not been laid. No motion was made at any time to exclude this testimony. The statement of the defendant to the sheriff, in which the defendant stated to the sheriff that the whisky was his, and that he wanted to get his case settled out of court, and wanted to plead guilty and was willing to pay a fine "to get rid of" the case, was admitted without objection and there is nothing in the evidence to show that it was not made freely and voluntarily and without hope of benefit or reward. The court charged correctly thereon. See *Washington* v. *State*, 24 *Ga. App.* 65 (3-a) (100 S. E. 31).

For a full and complete discussion of the law applicable to the admission in evidence of admissions or confessions by a defendant, where no objection is made that the State has not laid a proper foundation for the admission thereof, see the recent case of *Harrison* v. *State*, 83 *Ga. App.* 367 (64 S. E. 2d, 83), division three, and authorities therein cited and dealt with. The evidence before the jury here of this admission or confession constituted legal evidence and a verdict was properly based thereon. Besides, the evidence amply authorized the verdict without consideration of such admission or confession. The deputy sheriff testified directly that the defendant came to this cache, obtained a part of the whisky, loaded same into a truck, and drove away therewith.

Under the view which we take of this case, there is nothing in the decision of *Persons* v. *State*, 27 *Ga. App.* 592 (109 S. E. 533), to the contrary of what we now hold. The State here does not "largely rely" upon the so-called admission or confession of the defendant and there is no issue of fact in the evidence that the same was not freely and voluntarily made. The defendant did not deny in his statement to the jury that the statement he made to the sheriff that the whisky was his was not freely and voluntarily made. No objection was ever made to the evidence. The same is true of the decisions of *McLemore* v. *State*, 181 *Ga.*

462, 470 (182 S. E. 618, 102 A.L.R. 634), and *Turner* v. *State*, 203 *Ga.* 770(3) (48 S. E. 2d, 522), relied on by the defendant.

The charge of the court as given was not incorrect and no error appears from any of the above special grounds of the motion for new trial.

3. In special ground 5 the defendant assigns error on the instruction to the jury that "If you believe that the evidence showed that he (the defendant) had possession of any liquor in any ways as alleged in here, or any control of it, you would be authorized to convict him." The defendant contends that such instruction was not sound as an abstract principle of law and was error because, while the evidence authorized the finding that he had possession of the whisky, he denied this in his statement to the jury. This charge was not error for the reason that "the question was not whether there was any evidence to show that the defendant had possession or control of any liquor, but whether or not the jury from all of the evidence and circumstances of the case and the defendant's statement believed to a moral and reasonable certainty and beyond a reasonable doubt that he was guilty of having possession or control of it." The court charged the jury that the burden was upon the State to prove every material allegation to a moral and reasonable certainty and beyond a reasonable doubt before they would be authorized to convict the defendant. There was no written request for further and more explicit instructions. This charge was not error for any of the reasons assigned.

4. The court did not err, as set out in special ground 6, in charging the jury "that it is not necessary that the State prove that this defendant received, had, and possessed and transferred and controlled any of this liquor as specified in here. If they prove any of these . . that is, if he received it, or that he had it, or that he possessed it, or that he transferred it, or that he had control over it in any way, why any one of those . . would be all that is necessary." The indictment charged that the defendant did "receive, have, possess, transfer and control" ten gallons of non-tax-paid whisky. If the evidence authorized the jury to find that the defendant did any of these things, the verdict was not without evidence to support it. The fact that the indictment used the word "transfer" along with pos-

session and control of the liquor would not have authorized the defendant's conviction under the law making it an offense to transport non-tax-paid whisky, a separate offense from the offense charged in the indictment. Transporting, or transferring includes possession.

5. The court did not err, as set out in special ground 7, in failing to charge without a request that, if the jury did not "believe from all of the facts and circumstances of this case that the State has made out its case to a moral and reasonable certainty and beyond a reasonable doubt, as charged in the indictment, then it would be your duty to acquit the defendant." This failure to charge was not erroneous because as contended, the court nowhere charged the jury that if they believed that the State had completely failed to make out a case they should acquit the defendant. The charge as given on reasonable doubt and burden of proof was correct and, in the absence of a specific written request, was ample and adequate.

None of the special grounds of the motion for new trial shows error, and the evidence properly authorized the verdict finding the defendant guilty as charged, and it follows that the trial judge did not err in overruling the defendant's motion for new trial, as amended.

*Judgment affirmed. MacIntyre, P.J., and Townsend, J., concur.*