### 46277.   LEMONS v. THE STATE.

EBERHARDT, Judge. Ralph Lemons was convicted of possessing heroin and other drugs in violation of the Uniform Narcotic Drug Act, and he appeals, enumerating error on two portions of the charge. *Held:*

1. The court charged: "I charge you that where the evidence on behalf of the State discloses that the arresting officer entered and searched a motel room for illegal drugs or narcotics under the authority of a search warrant, that a quantity of illegal drugs or narcotics was found on the premises, and that the defendant admitted that such illegal drugs belonged to him, such would be sufficient to authorize a verdict of guilty, if you find that such admissions made by the defendant were made under such conditions and subject to such provisions of the law which I will give you in charge at this time. Now, as to whether or not such statements or admissions were made is a matter for your consideration and determination."

It is contended that this amounted to an expression of opinion by the court as to what had or had not been proved in the case, or, in essence, that the defendant had, as a matter of fact, admitted possession of the drugs.

We do not agree. In the first place, the court was stating the contentions of the State in making this portion of the charge. Immediately preceding the quoted portion it was prefaced with "the State contends in this case that the defendant made certain statements or admissions which were incriminatory in nature." And secondly, in closing the quoted portion the jury was admonished that "whether or not such statements or admissions were made is for your consideration and determination," and immediately following that "I charge you in this regard that any such statements should not be admitted by you, or considered by you, unless it is established to your satisfaction and beyond a reasonable doubt that they were made by the defendant."

He also charged that the court had no right to intimate or express an opinion as to what may or may not have been proven, and that if the jury should feel that it had done so in any manner, whether by expression, hint, repetition of a charge, expression of face, inflection of voice, or otherwise, to disregard it, and that the court had no opinion whatever as to what the verdict should be.

This charge is vastly different from that which was condemned in *Salisbury v. State*, 221 Ga. 718 (2) (146 SE2d 776), where the

court charged that "If the State has proved these material allegations beyond a reasonable doubt, the defendant on trial would be guilty and it would be your duty to say so by your verdict."

Nor is the contention meritorious that the charge is abstractly incorrect in the light of the holding in *Gee v. State*, 121 Ga. App. 41 (172 SE2d 480). In that case the illegal drugs were found on the premises of a filling station which the defendant operated, and the court noted that "The State's case is wholly dependent upon the proposition that the contraband was found at a place under the possession and control of Gee by virtue of a lease from the Texaco Corporation. The evidence shows indisputably that persons other than Horace Gee had liberal access to the station. . . Under the terms of the lease, one Billy Gee was a co-tenant of the premises. The State's evidence was that Horace Gee's last physical presence at the station prior to the search was on January 8, 1969" (the search having been made and the drugs found January 31, 1969).

Here the defendant, along with two other people, was found in the motel room at the time the search was made and the drugs found in it, and the evidence was that the defendant then stated to the officers that the other people were his guests, had no connection with the drugs, and admitted that they were his.

Frequently, as here, whether a charge may be subject to the criticism that it is abstractly incorrect must be determined in the light of the evidence to which it is to be applied.

2. The court charged: "The State contends that the *alleged* statement or admission was freely and voluntarily made after the full granting of his constitutional rights. On the other hand, the defendant denies that such *alleged* statement or admission was freely and voluntarily made under conditions constitutionally guaranteed to him. Now, what the truth is, gentlemen, is for you to determine." (Emphasis supplied). The criticism is that this charge, in effect, instructed the jury that the only issue to be determined was whether the defendant's constitutional rights had been accorded to him, when in fact he had denied making any statement or admission.

It is true that in his unsworn statement the defendant asserted

that when the officers made the search and found the drugs, "at the time we went out into the hall, the only thing I said to officer Smith was that the room was registered in my name, and that was all I said to him. . . And the reason I said this, then he pursued it, so I said 'just turn the girls a loose.' I was trying to protect the girls. I didn't want them, you know, in jail. That is all. That is the only statement I made."

Again, we do not agree with the criticisms of the charge. It is to be noted that the court referred to the "alleged" statement or admission, i.e., the statement contended by the State to have been made. And, as we have pointed out above, the court made it very clear that whether the statement or admission, as contended by the State, was in fact made by the defendant was a question which they must resolve. It was proper, too, that the jury be instructed that a determination must be made as to whether the defendant had been accorded his constitutional rights, for, as was asserted in another portion of the charge, before accepting it, if made, they must determine that he had been properly warned of his rights and that it must appear to have been freely and voluntarily made.

Apparent error often may be claimed by fragmenting the charge, but when the charge is considered in its entirety, as should be done, it becomes no longer amenable to the criticism. *Buttersworth v. State*, 200 Ga. 13 (2) (36 SE2d 301).

> *Judgment affirmed. Hall, P. J., and Whitman, J., concur.*
> SUBMITTED JUNE 4, 1971—DECIDED JUNE 23, 1971.

*John Kirby, Andrew A. Smith,* for appellant.
*Lewis R. Slaton, District Attorney, Joel M. Feldman, Creighton W. Sossomon,* for appellee.