## 51401. FLOYD v. THE STATE.

CLARK, Judge.

Defendant was indicted on two counts of burglary. His jury trial resulted in an acquittal on one count and a conviction on the other. Defendant now appeals from the judgment entered upon the guilty verdict, enumerating as error the general grounds and two evidentiary rulings. *Held:*

1. Lieutenant Allen of the Bibb County Sheriff's Department investigated the burglaries with which defendant was subsequently charged. In the course of explaining defendant's apprehension, this witness stated, over defense counsel's objection, the license tag number of defendant's vehicle. Since the tag number was reported to the police by an observer who did not testify at trial, defense counsel objected to the vehicle identification as being hearsay. The trial judge overruled the objection, stating that the testimony was admissible "to explain the conduct of the officer." (T. 33). This was a correct ruling under Code § 38-302, which permits this type of testimony

for the limited purpose of explaining the conduct of the officer in locating the alleged perpetrator of a crime. See *Watkins v. State,* 231 Ga. 481 (202 SE2d 442); *Tanner v. State,* 228 Ga. 829, 830 (3) (188 SE2d 512); *Jones v. State,* 224 Ga. 283 (3) (161 SE2d 302).

2. Defendant's second enumeration alleges error in the admission of a dish towel stolen from the burglarized home. The towel, which was identified by its owner and which was seen by an officer in defendant's vehicle at the time of arrest, was properly admitted as a fruit of the crime. Contrary to defendant's contention, the state sufficiently traced this item's chain of custody. And while the state properly laid this custodial foundation, it was not necessary for it to do so. Unlike fungible items, distinct physical objects which can be identified upon mere observation require no custodial proof for their admission. *Starks v. State,* 113 Ga. App. 780 (149 SE2d 841); *Lord v. State,* 134 Ga. App. 683 (215 SE2d 493). Defendant's objection was therefore inapposite and this enumeration is without merit.

3. Defendant's final enumeration challenges the sufficiency of the evidence. The victim testified that her residence was broken into and that the only item missing was a dish towel. A neighbor of the victim testified that she saw a black Cadillac, occupied by one black male, pull out of the driveway of the burglarized home. Defendant, a black male, was apprehended a few hours later standing beside his black Cadillac. He admitted that the car was his and that he had been driving the vehicle earlier that day. The dish towel found in defendant's car was identified by the victim as the item missing from her house following the burglary.

"Where stolen goods are found in the possession of the defendant charged with burglary, recently after the commission of the offense, that fact would authorize the jury to infer that the accused was guilty, unless he explained his possession to their satisfaction." *Mathews v. State,* 103 Ga. App. 743 (120 SE2d 359); *Myerholtz v. State,* 109 Ga. App. 352 (136 SE2d 165). The facts presented by the state, together with defendant's admission of driving his vehicle on the day of the burglary, were sufficient to prove defendant's possession of the stolen item.

Defendant did not testify at trial and thus made no effort to deny or explain his possession of the towel.

"After the verdict, the testimony is construed in its most favorable light to the prevailing party, which in this case is the State, for every presumption and inference is in favor of the verdict." *Wren v. State,* 57 Ga. App. 641, 644 (196 SE 146); *Bell v. State,* 21 Ga. App. 788 (95 SE 270). Accordingly, defendant's enumeration upon the general grounds is without merit.

*Judgment affirmed. Pannell, P. J., and Quillian, J., concur.*

Submitted November 4, 1975 — Decided January 5, 1976.

*Brown, Katz, Dasher & Flatau, Richard M. Katz,* for appellant.

*Fred M. Hasty, District Attorney, Walker P. Johnson, Jr., Assistant District Attorney,* for appellee.