51933. HAYES v. THE STATE.

CLARK, Judge.

Defendant was convicted of motor vehicle theft and two counts of forgery in the first degree. He appeals, enumerating as error various rulings of the trial court. *Held:*

1. Counsel for defendant stated in his opening remarks to the jury that "one of my duties and responsibilities as an officer of the court is as an attorney to represent the innocent of this State." Upon objection by the prosecution, the trial judge struck the statement from the record and instructed the jury not to consider it. Defendant enumerates error upon this ruling.

"Arguments of counsel shall be confined to the law and the facts involved in the case then before the court . . ." Code Ann. § 24-3319. As defense counsel's remark was clearly beyond the scope of permissible argument, the trial judge did not err in excluding the statement. See *Perry v. State,* 102 Ga. 365, 367 (13) (30 SE 903); *Ga. Power Co. v. Puckett,* 181 Ga. 386 (182 SE 384).

2. Defendant's second enumeration seeks a reversal of the judgment on the basis of an allegedly leading question propounded by the district attorney. In the absence of a clear showing of prejudice, however, this type of error affords no basis for a new trial. "It would be a very extreme case indeed in which the mere form of the questions to a witness would justify a reviewing court in setting aside the verdict and judgment." *Parker v. Ga. Pacific R. Co.,* 83 Ga. 539, 546 (1) (10 SE 233); *East v. State,* 135 Ga. App. 291, 292 (217 SE2d 490). As defendant has failed to demonstrate in what manner he might have been harmed by the form of the question, this enumeration affords no grounds for a reversal.

3. Defense counsel asked state's witness Bryant whether he believed the *police* "knew what they were doing" in making a photographic showing to the witness.

The prosecutor objected to the question, noting that the evidence showed investigators from the district attorney's office, rather than the police, conducted the photographic showing. Following the court's ruling sustaining the objection, defense counsel rephrased the question so as to inquire whether the witness believed the *investigators* "knew what they were doing." It is clear that the court's ruling out the prior question as to "the police" was neither erroneous nor harmful to defendant.

4. Toward the conclusion of defendant's trial testimony, defense counsel asked whether there was "anything else relevant to the case that you'd like to state to the jury." Upon objection by the prosecutor, the trial judge refused to permit this type of broad and general inquiry. Defendant enumerates error upon the court's ruling.

"We are of the opinion that the above is not ground for reversal. Very great discretion must necessarily be left to the presiding judge in the examination of witnesses; and unless he uses this discretion in violation of some principle of law, a reviewing court can not control the exercise of that discretion unless it is manifestly abused. [Cits.]" *Greer v. State,* 159 Ga. 85, 91 (125 SE 52). No abuse of discretion has been shown here.

5. Defendant's fifth enumeration seeks a reversal of the judgment on the basis of the court's admission of certain hearsay testimony. The trial court admitted this hearsay testimony for the limited purpose of explaining the witness' subsequent conduct in notifying the police of defendant's attempt to cash the allegedly forged checks. The trial judge was correct in permitting this testimony for the limited purpose stated. See Code § 38-302; *Callahan v. State,* 229 Ga. 737, 739 (3) (194 SE2d 431); *Estes v. State,* 224 Ga. 687 (1) (164 SE2d 108); *Hewitt v. State,* 127 Ga. App. 180, 182 (3) (193 SE2d 47).

6. Three enumerations allege that the trial court erred in admitting into evidence certain items which were found in the stolen automobile and which were shown to have previously been in defendant's possession. It is contended that the three items — a hat, a jacket, and an inscribed key chain — should not have been admitted due to the state's failure to establish a chain of custody.

Contrary to defendant's contention, the record shows that the state sufficiently established a chain of custody for these items. "And while the state properly laid this custodial foundation, it was not necessary for it to do so. Unlike fungible items, distinct physical objects which can be identified upon mere observation require no custodial proof for their admission. [Cits.]" *Floyd v. State,* 137 Ga. App. 181 (2) (223 SE2d 230). Defendant's objections were therefore inapposite and these enumerations without merit.

7. Defendant's remaining enumerations complain of the court's admission of evidence showing that defendant had attempted to cash a check similar to the forged instruments at issue. The evidence was offered by the district attorney and accepted by the trial court for the limited purpose of showing identity, scheme, motive, bent of mind, and intent.

"The general law in this area is, of course, that when a defendant is on trial for the commission of a crime, evidence of a distinct, separate, and independent offense is never admissible, unless there is a logical connection between the two in that proof of the extraneous crime shows malice, intent, motive, or identity. [Cits.] Regardless of the similarity of the two crimes, evidence of the separate offense should never be admitted unless 'the prejudice it creates is outweighed by its relevancy to the issues on trial.' [Cit.]" *Campbell v. State,* 234 Ga. 130, 131 (214 SE2d 656).

The evidence of which defendant complains involved the attempted cashing of a check nearly identical to the forged instruments at issue. The transaction occurred on the same day as the forgery offenses and the defendant was identified as the person who attempted to pass this similar check. In addition, the witness wrote on the invoice involved in the transaction the tag number of the vehicle defendant was then driving. This license number matched that of the vehicle which defendant was accused of stealing.

Under the above described circumstances, the relevancy of the evidence in identifying defendant as the perpetrator of both the car theft and the forgeries outweighed any prejudice which might have been created.

See *Hicks v. State,* 232 Ga. 393, 396 (207 SE2d 30). The trial judge did not err in admitting this evidence for the limited purposes stated.

*Judgment affirmed. Bell, C. J., and Stolz, J., concur.*

SUBMITTED MARCH 8, 1976 — DECIDED MARCH 19, 1976.

*Jack Dorsey,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Donald J. Stein, Assistant District Attorneys,* for appellee.