### 53889. RUTLEDGE v. THE STATE.

SHULMAN, Judge.
Appellant was convicted by a jury of burglary of a store in Hogansville. Testimony shows that appellant was

arrested by investigating officers at the scene of a burglary in Calico Corners shortly after an alarm had sounded. In the course of a valid search of appellant's car officers discovered certain items, to wit: a box bearing identification from the burglarized establishment in Calico Corners, and one Timex watch and seven cartons of cigarettes which were reported as stolen from a store which had been burglarized earlier that night in Hogansville. The watch and cigarettes were similar to items taken from the store in Hogansville, but could not be positively identified. Two law enforcement officers testified that appellant had made an oral confession. Appellant denied making any statement. He further testified that he was changing a flat tire in Calico Corners and had found the box recovered from his vehicle on the side of the road. He also stated that he had purchased the cigarettes and Timex watch from "two black dudes" for $20 with the intention of donating these items to the Salvation Army.

1. Appellant attacks the conviction on general grounds. "In passing on the general grounds of a motion for new trial, this court passes not on the weight but on the sufficiency of the evidence. It is our duty to determine whether the verdict as rendered can be sustained under any reasonable view taken of the proofs submitted to the jury. [Cit.]" *Harris v. State,* 236 Ga. 766, 767 (225 SE2d 263).

The owner of the burglarized premises testified that the Timex watch found in appellant's possession was "exactly like" the Timex watch taken from his store. This was sufficient identification. *Dawson v. State,* 99 Ga. App. 115 (107 SE2d 847). "[T]he crime of burglary was made out regardless of what other articles may or may not have been taken. [Cits.]" *Hudson v. State,* 137 Ga. App. 439 (3) (224 SE2d 48). "Where stolen goods are found in the possession of the defendant charged with burglary, recently after the commission of the offense, that fact would authorize the jury to infer that the accused was guilty, unless he explained his possession to their satisfaction." *Mathews v. State,* 103 Ga. App. 743 (120 SE2d 359); *Floyd v. State,* 137 Ga. App. 181 (223 SE2d 230). "It was within the jury's province to believe that

appellant's explanation of his possession advanced at trial was not a reasonable or satisfactory one. See *Peacock v. State,* 131 Ga. App. 651 (206 SE2d 582)." *Evans v. State,* 138 Ga. App. 460 (1) (226 SE2d 303). Under the totality of circumstances, the enumerations of error on the general grounds must fail.

2. Appellant urges that the state failed to establish the corpus delicti. Testimony showing that some of the items recovered from appellant's vehicle were owned by the proprietor of the burglarized store in conjunction with evidence proving entry and asportation was sufficient proof of the corpus delicti of burglary. *Jacobs v. State,* 133 Ga. App. 812 (3) (212 SE2d 468). See also *Falls v. State,* 129 Ga. App. 264 (199 SE2d 398). (Testimony that defendant admitted breaking into house, defendant claimed he purchased stolen articles.)

3. Enumeration 6 restates argument advanced in the general grounds and need not be considered separately.

4. There was legal corroboration of appellant's oral confession. *Brinkley v. State,* 60 Ga. App. 31 (2 SE2d 715); *Jones v. State,* 137 Ga. App. 612 (3) (224 SE2d 473).

5. Appellant asserts that the trial court's failure to charge the jury on Code Ann. § 38-420 constituted reversible error. Appellant did not request such a charge. "[I]n light of the fact that this was not a case in which a confession was uncorroborated by any other evidence, and the fact that the voluntariness of the confession was properly determined [i.e., a Jackson v. Denno hearing] . . . no harmful error could have flowed. . .from the court's failure, without a request, to charge the substance of Code Ann. § 38-420." *Welch v. State,* 235 Ga. 243 (2) (219 SE2d 151).

6. The court charged the jury that before "an alleged statement by the Defendant" could be considered as evidence, the jury must determine whether appellant had been accorded his constitutional rights and whether the statement had been freely and voluntarily made. Appellant denied making any confession. He contends that the court, by the charge, expressed an opinion that appellant had made a statement. We do not agree.

The jury was charged that they were "the sole and

exclusive judges of what witnesses they will believe or disbelieve, and what testimony they will credit or discredit." There was no error here. *Harris v. State,* 207 Ga. 287 (1a) (61 SE2d 135). See also *Lemons v. State,* 124 Ga. App. 121 (183 SE2d 30);*Palmour v. State,* 83 Ga. App. 792 (2) (64 SE2d 697).

7. There was no error in refusing to grant a motion for directed verdict of acquittal. Code Ann. § 27-1802.

*Judgment affirmed. Quillian, P. J., and Banke, J., concur.*

SUBMITTED MAY 9, 1977 — DECIDED MAY 25, 1977.

*John D. Allen,* for appellant.

*William F. Lee, Jr., District Attorney, Robert H. Sullivan, Assistant District Attorney,* for appellee.