## 55053. FARLEY v. THE STATE.

BIRDSONG, Judge.

Appellant Farley was convicted of the offense of rape and murder. He was sentenced to life for the murder and 20 years for the rape. His motion for new trial was granted as to the offense of murder but denied as to the offense of rape. This appeal relates to the conviction for rape only. Farley asserts 17 enumerations of error in his appeal. *Held:*

1. The first five enumerations of error deal with confession issues. Farley was interrogated on different occasions by different officers and made two different statements. As to the first statement, an extensive Jackson-Denno hearing was held in which it was developed that Farley was mentally retarded and could neither read nor write. There was further evidence that

Farley characteristically wanted to please authority figures and this would likely cause him to agree to whatever those authority figures desired him to admit. At the hearing outside the presence of the jury, evidence was admitted showing an IQ level of 45, a mental age of less than five years, with an equivalency of a kindergarten child. Opposed to this was the testimony that Farley was rational, appeared to understand the questions as well as the explanation of his rights, and that his deportment gave every appearance of understanding and voluntariness. There is no dispute that all Miranda warnings were administered. Additionally, in spite of an order by the trial court to produce all statements made by the accused, it developed that the state had procured a signed waiver of rights form at the time of the taking of the statement but which was not brought to the attention of the defense counsel until the Jackson-Denno hearing. The trial court expressly refused to admit or consider the waiver form. Appellant objected to admission of this confession, alleging that the state had not shown voluntariness, the ability of Farley to understand his rights, and further because the state had not produced the waiver form that accompanied the taking of the statement as ordered by the court.

The trial court did not commit error in allowing this confession into evidence for consideration by the jury. A mere showing that one who confessed to a crime may have suffered from some mental disability is not a sufficient basis upon which to exclude a statement. Lego v. Twomey, 404 U. S. 477; *Corn v. State,* 240 Ga. 130, 136 (240 SE2d 694); *Goodwin v. State,* 236 Ga. 339 (223 SE2d 703). The trial judge's determination of Farley's comprehension of his rights and the voluntariness of his resultant statement together with its admissibility, although based upon conflicting evidence, was reasonably supported by a preponderance of the evidence as required by *High v. State,* 233 Ga. 153 (210 SE2d 673), was not clearly erroneous, and thus will not be disturbed. *Phillips v. State,* 238 Ga. 497, 498 (233 SE2d 758); *Rush v. State,* 137 Ga. App. 387, 389 (224 SE2d 39). The state's belated attempt to produce the waiver of rights form is error without harm. It contributed nothing to the issue of guilt

or innocence, and was not given to the jury nor utilized by the trial court in determining the question of voluntariness. Only one who has been harmed is in a position to complain. *Dismuke v. State,* 142 Ga. App. 381, 382 (236 SE2d 12).

As to the second statement, the factual situation is different. Appellant called a witness in his own behalf who testified that when originally questioned by the witness, Farley denied all complicity in the crimes charged. Upon cross examination by the state, the witness further testified that Farley had ultimately admitted having had intercourse with the victim. This statement was admitted over an objection that no Jackson-Denno hearing was being afforded to determine voluntariness. However, the transcript clearly shows that the witness gave Farley a full Miranda warning prior to the statement, that the state offered the admission for the limited purpose of impeachment and rebuttal to the statement that Farley had taken no part in the incident, and the trial court on two occasions limited the testimony to its impeaching value and as evidence in rebuttal.

We view the purpose of a Jackson-Denno hearing and the requirement for the giving of Miranda warnings, as one allowing the trial court in the first instance, as a matter of law, and the jury, ultimately, as a matter of fact, to assure themselves of the voluntariness of a statement made by an individual and offered as a truthful but inculpatory admission against interest, and thus not violative of the constitutional prohibition of involuntary self-incrimination. Where the statement is not offered as a truthful admission against interest, the overriding need for a determination of voluntariness subsides. "If on the trial of his case the defendant takes the witness stand and swears to a state of facts contrary to his prior statements, they may be given in evidence solely for purposes of impeachment, the burden being on the court to caution the jury that such evidence is to be considered only for the purpose of assessing the defendant's credibility and not to establish his guilt of the offense for which he is on trial..." *Colbert v. State,* 124 Ga. App. 283 (2) (183 SE2d 476). This is true even in the absence of a showing of compliance with Miranda. *Hancock v. State,* 131 Ga. App. 485, 487 (2) (206

SE2d 104). See *Williams v. State,* 239 Ga. 12, 14 (4) (235 SE2d 504); *Alexander v. State,* 138 Ga. App. 618, 620 (2) (226 SE2d 807).

Appellant also contends that the state did not deliver copies of this statement to the defense. Contrary to that assertion, the transcript shows that the state gave all that it had concerning this statement to the defense as soon as it (the state) came into possession of the information. We are satisfied that the first five enumerations of error are without merit.

2. Appellant complains in his next five enumerations of error (6-10) that the trial court erroneously admitted certain evidence. In Enumerations 7 through 10, appellant alleges that there was a gap in the chain of custody as to certain real evidence and, further, that the trial court erred in allowing the state to perfect its proof as to these exhibits after the court had initially ruled out the evidence for lack of identification and thereafter reversed its rulings and allowed the evidence to be admitted.

The evidence offered by the state consisted of clothing, bed sheets, pieces of material and human hairs. Each item was identified as the item originally seen and analyzed by the state's expert. The testimony was that these were the specific items originally observed and not of a kind. It is the law that unlike fungible items, distinct physical objects which can be identified upon mere observation require no custodial proof for their admission. *Ramey v. State,* 238 Ga. 111, 113 (4) (230 SE2d 891); *Hayes v. State,* 138 Ga. App. 223, 225 (225 SE2d 749); *Floyd v. State,* 137 Ga. App. 181 (2) (223 SE2d 230). As to the other items, the evidence showed that the witness was able to account for these particular human hairs. It is not necessary that the state negate all possibility of tampering but only that it show it is reasonably certain there was no alteration. When there is only a bare speculation of tampering, it is proper to admit the evidence and let what doubt remains go to its weight. *Johnson v. State,* 143 Ga. App. 169, 170 (237 SE2d 681); *Meadows v. State,* 135 Ga. App. 758, 760 (219 SE2d 174). As to allowing the state to introduce further evidence after initially rejecting the exhibits, but before the state

had rested its case, the order of presentation of evidence is a matter that rests within the trial court's discretion and will not be controlled in the absence of an abuse thereof. *Brown v. State,* 140 Ga. App. 198, 199 (230 SE2d 349); *Williams v. State,* 123 Ga. 138 (51 SE 322). There is no merit in Enumerations 7 through 10.

3. As to enumeration of error 6, appellant urges it was prejudicial hearsay to allow a statement by an investigating officer that he overheard a person at the scene of the incident cry out that her grandmother had been killed. The trial court properly allowed the evidence as a predicate for the course of conduct followed by the officer in making his on-the-scene investigation. Conversation may be admitted under Code Ann. § 38-302 to explain conduct and as such is not considered as hearsay. *English v. State,* 234 Ga. 604 (216 SE2d 851).

4. As to enumeration of error 11, the trial court did not err in denying the motion for a directed verdict of acquittal. There was ample evidence showing that the victim had suffered forcible sexual intercourse and that Farley had participated in that act either directly or as an aider and abettor. *Bethay v. State,* 235 Ga. 371 (219 SE2d 743).

5. In Enumerations 12 and 14, Farley argues that the trial court erred in refusing to admit documentary and lay evidence as to the IQ score and mental age of Farley. This evidence was admitted and considered by the court during its consideration of the admissibility of Farley's confession during the Jackson-Denno hearing. However, before the jury, the trial court sustained the state's objection to that evidence on the ground that the psychological report was tantamount to a medical record containing hearsay and opinion, was not a business record, and that the IQ test scores and mental level determination were not the product of or within the personal information or knowledge of the witness. Farley attempted to offer the evidence as a business record. Under Code Ann. § 38-711 (Ga. L. 1952, p. 177), which should be liberally construed, business records are admissible if the evidence shows the ordinary course of business required the entry to be made, that the entries were made during the regular course of the business, that

the entry pertained to an act or occurrence or event of the business, was not an opinion, and was properly identified by the persons who made it. *Bramblett v. State,* 139 Ga. App. 745, 749 (229 SE2d 484); *Pickett v. State,* 123 Ga. App. 1 (2) (179 SE2d 303). The evidence offered failed in several regards the test of a business entry.

The object of all legal investigations is the discovery of truth. The rules of evidence are framed with a view to this prominent end, seeking always for pure sources and the highest sources. Code Ann. § 38-101. Questions of relevancy, materiality or competency are for the court and no precise and universal test of admissibility has been established. *Johnson v. Jackson,* 140 Ga. App. 252, 255 (230 SE2d 756). This even extends to the power of the court to exclude inadmissible evidence upon its own motion. *Moody v. Davis,* 10 Ga. 403; *Brundage v. State,* 143 Ga. App. 1 (237 SE2d 473). The trial court did not err in refusing to admit the opinion evidence of IQ score and mental age level.

6. Appellant maintains in enumeration number 13 that the trial court erred in charging on the subject of conspiracy. The evidence shows that an act of forceful intercourse took place, that one of the three defendants was observed engaged in the commission of such conduct, and that Farley and the other co-defendant attempted to restrain witnesses from entering the room where the incident was in progress. Conspiracy may be established by inference, as a deduction from acts and conduct establishing a common design to act together for the accomplishment of an unlawful purpose. *Hart v. State,* 139 Ga. App. 791, 792 (229 SE2d 673); *Ingram v. State,* 134 Ga. App. 935 (2) (216 SE2d 608). Where the evidence tends to show a conspiracy, a charge upon the subject is not error even if not alleged in the indictment. *Montgomery v. State,* 128 Ga. App. 116, 117 (3) (195 SE2d 784). This enumeration is without merit.

7. Enumeration number 15 alleges the trial court was inconsistent in its action granting a motion for a new trial as to murder and denying the same motion as to rape. We see no inconsistency. Evidence as to the cause of death was at best ambiguous, as was evidence of the agency of Farley in causing the death. No such ambiguity existed as

to the act of rape. The trial court has broad discretion in regulating and controlling business of the court, and reviewing courts should never interfere with its exercise unless it is made to appear that wrong or oppression result from its abuse, or the court in some manner takes away the rights the parties have under the law. *Dyke v. State,* 232 Ga. 817, 825 (209 SE2d 166); *Weaver v. State,* 137 Ga. App. 470, 471 (4) (224 SE2d 110). We cannot say that no verdict other than a finding of guilty or not guilty as to murder was sustainable under the facts and law of this case, nor can we say that the evidence does not support the verdict of guilty of rape. It follows that we find no abuse of discretion by the trial court in the grant of a new trial as to murder nor any error of law in his denial of such a motion as to rape.

8. Enumerations of error numbered 16 and 17 are unsupported by argument or citation of authority as required by Rule 18 (c) of this court (Code Ann. § 24-3618 (c) (2)). These enumerations therefore are deemed abandoned. *Rogers v. State,* 137 Ga. App. 319, 321 (223 SE2d 456); *Boyd v. State,* 133 Ga. App. 136, 138 (2) (210 SE2d 251).

*Judgment affirmed. Bell, C. J., and Shulman, J., concur.*

SUBMITTED JANUARY 17, 1978 — DECIDED FEBRUARY 28, 1978.

*Copelan & Kopp, Jesse Copelan, Jr.,* for appellant. *Joseph H. Briley, District Attorney,* for appellee.