*Attorneys,* for appellee.

## 56602. WYCISKALA v. THE STATE.

McMurray, Judge.

Defendant was indicted, along with one John Dennis Grant (see *Grant v. State,* 147 Ga. App. 517), for the offense of burglary. Prior to trial several motions by defendant were considered, including a motion for change of venue and for severance. The defendant's motion for change of venue was denied, and his motion for severance was granted.

At the separate trial of defendant Wyciskala, evidence of an alleged confession by the defendant Wyciskala was introduced and corroborated by additional evidence. The jury returned a verdict of guilty, and defendant was sentenced to prison for a term of 20 years.

Defendant appeals, contending that the trial court erred in denying his motion for change of venue and in allowing into evidence testimony regarding his confession to law enforcement officers. *Held:*

1. Defendant's motion for change of venue was predicated on allegedly excessive pre-trial publicity and upon the alleged prejudice and bias of the trial court against the co-defendant Grant. In a criminal case a change of venue is predicated upon the determination of the trial judge that an impartial jury cannot be obtained in the county where the crime is alleged to have been committed. See Code Ann. § 27-1201 (Ga. L. 1972, p. 536). That ground of defendant's motion for change of venue which alleges bias and prejudice on the part of the trial court does not address itself to a change of venue, but addresses itself to the disqualification of the trial judge and will be considered as such.

In support of defendant's motion for change of venue on the grounds of prejudicial pre-trial publicity in local newspapers, several newspaper articles recounting the fact of the arrest of defendant and others were introduced into evidence. These newspaper articles were merely factual and not inflammatory. The record contains no

evidence that the members of the trial jury had fixed opinions as to defendant's guilt based on these newspaper articles. Therefore, we cannot say that the trial court abused its discretion in denying the motion for change of venue on this ground. See *Welch v. State,* 237 Ga. 665, 668 (1) (229 SE2d 390) and cits.

The ground of defendant's motion for change of venue which we view as a motion for disqualification of the trial judge is based on the alleged statements of the trial judge upon the sentencing of co-defendant Grant on a prior charge. At the hearing on the motion, Grant testified that the trial judge stated to him that if he ever came before him again for burglary and was found guilty that he would be sentenced to the maximum sentence of 20 years in prison. Such a statement by the trial court would certainly be an expression of the trial court's disapproval of Grant's conduct. Yet, viewed in its actual context (the sentencing of Grant after entering a plea pursuant to plea bargaining in a prior case involving three counts of burglary), such a statement can only be viewed as an admonition to Grant to end his criminal endeavors and a warning of the consequences if he failed to do so. We hold it contains no indicia of personal bias or prejudice on the part of the trial judge. We find that the trial judge did not err in refusing to disqualify himself. See *Banks v. Dept. of Human Resources,* 141 Ga. App. 347, 348 (1) (233 SE2d 449), and *Savage v. Savage,* 238 Ga. 16 (2) (230 SE2d 851).

2. Prior to the admission of the evidence of defendant's confession, a Jackson v. Denno (Jackson v. Denno, 378 U. S. 368 (84 SC 1774, 12 LE2d 908)) hearing was held at which evidence was introduced that prior to the questioning of the defendant the Miranda rights (Miranda v. Arizona, 384 U. S. 436 (86 SC 1602, 16 LE2d 694)) were read to him, that defendant signed a written waiver of counsel form which set forth these Miranda rights and that defendant decided to waive his right to an attorney prior to making any statements to law enforcement officers. Further evidence was introduced that no promise of reward or threat of harm was used to induce defendant to make his statement to law enforcement officers. Testimony was given that at the time of making this statement defendant did not appear to be

under the influence of alcohol or other drugs, and defendant spoke freely and of his own will. Although conflicting evidence as to the voluntariness of defendant's confession was introduced by defendant's testimony, the issue of fact created by the conflicting evidence was one for the trial court to consider. The decision of the trial court that defendant's confession was voluntary is supported by evidence presented at the Jackson v. Denno hearing. We find no error in the admission into evidence of testimony regarding defendant's confession. *Howard v. State,* 141 Ga. App. 238 (1) (233 SE2d 58); *Johnson v. State,* 233 Ga. 58 (209 SE2d 629).

*Judgment affirmed. Quillian, P. J., and Webb, J., concur.*

SUBMITTED SEPTEMBER 7, 1978 — DECIDED OCTOBER 12, 1978.

*Walker Chandler,* for appellant.

*Johnnie L. Caldwell, Jr., District Attorney, Paschal A. English, Jr., J. David Fowler, Assistant District Attorneys,* for appellee.