## 58144. GRAY v. THE STATE.

Shulman, Judge.

Defendant was found guilty of the offenses of kidnapping, rape, and aggravated sodomy. We affirm.

1. Appellant enumerates as error the admission of a confession into evidence, claiming, among other things, that since the confession was induced by the interrogating officer's promise of leniency, it was not freely and voluntarily elicited. As such, defendant contends, its

admission violated his constitutional rights and was, perforce, reversible error. We cannot agree.

"Prior to the admission of the evidence of defendant's confession, a Jackson v. Denno [cit.] hearing was held at which evidence was introduced that prior to the questioning of the defendant the Miranda rights [cit.] were read to him, that defendant signed a written waiver of counsel form which set forth these Miranda rights and that defendant decided to waive his right to an attorney prior to making any statements to law enforcement officers. Further evidence was introduced that no promise of reward or threat of harm was used to induce defendant to make his statement to law enforcement officers. Testimony was given that at the time of making this statement defendant did not appear to be under the influence of alcohol or other drugs, and defendant spoke freely and of his own will. Although conflicting evidence as to the voluntariness of defendant's confession was introduced by defendant's testimony, the issue of fact created by the conflicting evidence was one for the trial court to consider." *Wyciskala v. State,* 147 Ga. App. 518 (2) (249 SE2d 329). See also *Frazier v. State,* 146 Ga. App. 229 (2) (246 SE2d 136). Since the evidence supports the court's determination of a prima facie showing of voluntariness, the court properly admitted defendant's confession into evidence for jury consideration. See *Newton v. State,* 132 Ga. App. 873 (2) (209 SE2d 690); *Johnson v. State,* 233 Ga. 58 (209 SE2d 629). This enumeration of error is without merit.

2. Appellant asserts error in the admission into evidence of the blouse purportedly worn by the prosecutrix at the time of the alleged kidnapping, on the grounds that the state failed to lay the proper custodial foundation for its admission.

Assuming, without deciding, that the state failed to establish a proper chain of custody, since it was not necessary for the state to establish the chain of custody for this particular item of evidence, we find no error. See *Hayes v. State,* 138 Ga. App. 223 (6) (225 SE2d 749). " '. . . Unlike fungible items, distinct physical objects which can be identified upon mere observation require no custodial proof for their admission. [Cits.]' " *Hayes,* supra. See also

*Farley v. State,* 145 Ga. App. 98 (2) (243 SE2d 322).

3. The fact that an exclusionary sperm test was not performed (which test purportedly classifies sperm into particular blood groupings for identification purposes) is not grounds for reversal. Appellant admits that (at least at the present) due process does not require the performance of the test. Nevertheless, appellant contends that the state's refusal to administer the test to the defendant, upon his request, mandates reversal. We must take issue with appellant's contention of error.

This state has not held the particular sperm test, allegedly requested by the defendant, necessary for the dispatch of due process. See in this regard *Martin v. State,* 151 Ga. App. 9 (6). See also *Moore v. State,* 240 Ga. 807 (5) (243 SE2d 1). Thus, the fact that the test was not administered is not per se grounds for reversal, especially in light of the fact that defendant failed to request the test by appropriate motion. However, even had defendant made the proper motion, it would be within the sound discretion of the court either to grant or deny said motion. See, e.g., *Goodwin v. Hopper,* 243 Ga. 193 (7) (253 SE2d 156).

4. Appellant contests the judgment on the general grounds, contending that the prosecutrix' testimony was contradictory and not supported by the evidence. We disagree.

The victim's testimony, identifying the defendant as the perpetrator of the crimes with which he was charged, was supported by evidence regarding her physical injuries, the presence of sperm, her damaged clothing, and her observed emotional state. Therefore, although there was evidence to the contrary, we must conclude, upon a thorough examination of the record, that a rational trier of fact could reasonably have found from the evidence adduced at trial proof of defendant's guilt beyond a reasonable doubt. Jackson v. Virginia, —- U. S. —- (99 SC 2781, 61 LE2d 560). See also *Toole v. State,* 146 Ga. App. 305 (1) (246 SE2d 338).

*Judgment affirmed. Deen, C. J., and Carley, J., concur.*

Argued July 2, 1979 — Decided October 1, 1979 —

Rehearing denied October 11, 1979 — 

Charles G. Hodges, Vernon S. Pitts, Jr., William L. Henderson, for appellant.

Lewis R. Slaton, District Attorney, Joseph J. Drolet, Benjamin H. Oehlert, III, R. Michael Whaley, Assistant District Attorneys, for appellee.