## 62363. BELL v. THE STATE.

SOGNIER, Judge.

Appellant was convicted of burglary and appeals on the general grounds. The evidence discloses that about 4:50 a.m., December 26, 1980 appellant was stopped by a police officer for a traffic violation while driving a 1970 Mercedes belonging to Alfred Moore. The car had a license tag on it which was registered to an Opel automobile. Moore testified that the Mercedes was left locked in his place of business, an automobile repair garage, on Christmas eve, and was not damaged when he departed; he had given no one, including appellant, permission to take the car; that the car was apparently damaged when it was driven though a cyclone fence which enclosed the property where his garage was located; that he was the only person who had keys to his garage; and that a window in the rear of his garage had been broken sometime after he closed his garage at 10:00 p.m. on Christmas eve. No one had permission to enter Moore's garage. Appellant did not testify and presented no other evidence.

We find the evidence sufficient to support the verdict. "Where stolen goods are found in the possession of the defendant charged with burglary, recently after the commission of the offense, that fact would authorize the jury to infer that the accused was guilty, unless he explained his possession to their satisfaction." *Mathews v. State,* 103 Ga. App. 743 (2) (120 SE2d 359) (1961); *Rutledge v. State,* 142 Ga. App. 399, 400 (1) (236 SE2d 143) (1977). Further, we find that a rational trier of fact could find from the evidence adduced at trial proof of appellant's guilt beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Baldwin v. State,* 153 Ga. App. 35, 37 (264 SE2d 528) (1980).

*Judgment affirmed. Shulman, P. J., and Birdsong, J., concur.*

DECIDED OCTOBER 2, 1981.

*Lawrence L. Washburn III,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, John Turner, Margaret V. Lines, Assistant District Attorneys,* for appellee.