## 66708. COQUILLIAN v. THE STATE.

DEEN, Presiding Judge.

Appellant Coquillian was accused of committing armed robbery by taking a briefcase containing nearly $53,000 from the person of a Mr. Richardson, owner of a record shop. Richardson had just entered his van preparatory to driving to the bank to deposit the proceeds of a ticket sale when a black male approached and forced him at gunpoint to drive to a specified location, where a second black male, whose face the victim could not see, removed the briefcase. Richardson was shot in the right side and left thigh, and appellant drove off in a maroon-colored automobile. The original robber apparently left the scene unobserved and has not been identified or taken into custody.

Three persons working in a nearby business establishment observed these events, summoned police, and provided a description of the second robber, which description fits the appellant. These witnesses also gave a description of the automobile in which appellant departed, including its license plate number. The automobile was traced to appellant's girl friend, who testified that appellant, and he alone, had free access to her automobile when she was not using it and, moreover, that she had been out of town on the day of the robbery and had left her automobile in Atlanta. None of the three witnesses was able to identify appellant from a line-up held about four days after the robbery, but all except Richardson identified him from a photographic array. There was evidence that before appearing in the line-up appellant had altered his hair color from grey (as described by the witnesses) to black. Appellant raised a

defense of alibi and presented one witness who testified that he and appellant were playing golf some thirty minutes after the time of the robbery.

Despite certain minor discrepancies in the identification evidence, a Fulton County jury found appellant guilty as charged, and he received a fifteen-year sentence, with ten years to be served in confinement and the balance on probation. On appeal he enumerates as error the sufficiency of the evidence. *Held:*

"When reviewing a conviction on the general grounds, this court considers the sufficiency, not the weight, of the evidence. *Rutledge v. State,* 142 Ga. App. 399 (1) (236 SE2d 143)." *Whitten v. State,* 143 Ga. App. 768, 771 (240 SE2d 107) (1977); *Dillard v. State,* 147 Ga. App. 587 (249 SE2d 640) (1978). It is the function of the appellate court only to determine whether there is any evidence sufficient to support the verdict, when the evidence is viewed in the light most favorable to the verdict. *Pierce v. State,* 243 Ga. 454 (254 SE2d 838) (1979); *Laws v. State,* 153 Ga. App. 166 (264 SE2d 700) (1980). When there are conflicts in the testimony offered by the various witnesses, the credibility of the respective witnesses, as well as the weight of the evidence, is a question for the trier of fact. *Armour v. State,* 154 Ga. App. 740 (270 SE2d 22) (1980). In the instant case the testimony of the eyewitnesses to the crime, together with the other competent evidence adduced, was sufficient to authorize a reasonable trier of fact to find the appellant guilty beyond a reasonable doubt of the offense charged. *Crawford v. State,* 245 Ga. 89 (263 SE2d 131) (1980); *Fisher v. State,* 151 Ga. App. 93 (258 SE2d 920) (1979).

*Judgment affirmed. Banke and Carley, JJ., concur.*

DECIDED SEPTEMBER 8, 1983.

*Earl A. Davidson,* for appellant.

*Lewis R. Slaton,* District Attorney, *Joseph J. Drolet, J. Wallace Speed, Benjamin H. Oehlert III,* Assistant District Attorneys, for appellee.