### 36660. DUKE v. THE STATE.

GARDNER, P. J. The defendant was indicted together with Walter Huff, Harry Lee Bickers and George D. Byrne on an indictment which charged him (omitting the formal parts) in that he "then and there, after having broken and entered said house, as aforesaid, did wrongfully, feloniously, fraudulently and privately take and carry away from said storehouse with intent to steal the same fifteen cartons and six packages of cigarettes, one display card with half dozen pocket knives attached, three cartons of chewing gum, of the value of $41." He was tried separately. The jury returned a verdict of guilty. The defendant filed a motion for new trial on the general grounds to which he thereafter added one special ground. In open court counsel for the defendant abandoned the general grounds and relied only on the one special ground.

The special ground assigns error because it is alleged that the court erred in giving the following charge to the jury: "The law puts upon you, madam and gentlemen, the duty of making all witnesses speak the truth and impute perjury to no one. You should reconcile all conflicts in the evidence, if there be conflicts and it is possible for you to reconcile them, if there are conflicts in the evidence; however, if you should find that there are conflicts in the case which you cannot reconcile, then it becomes your duty to believe that testimony which appears to you most reasonable and most worthy of belief, under all

the facts and circumstances of the case." Counsel for the defendant states that on the trial of the case no witnesses were offered on behalf of the defendant; that the defendant only made a statement in his own behalf and the court fully and correctly charged the jury as to its right to believe the defendant's statement, even in preference to the sworn testimony.

The defendant's statement was as follows: "Gentlemen of the jury, I am Billy Duke. I was born and raised in Paulding County. I have got a wife and five kids over there to support. I don't know why George Byrne would talk that way against me, unless he is mad at me for some reason. He has been in the insane asylum two or three times, and I can't figure out why he would do that. I will swear before God Almighty that I was not in Mr. Shipp's store that night." Counsel contends further that there were conflicts on material matters in the testimony of witnesses for the State; and contends that said charge was misleading and confusing to the jury and not adjusted to the facts in said case, in that the jury were under no duty to reconcile conflicts in the testimony of the witnesses for the State but were under a legal duty to resolve all conflicts in the evidence of the State most favorable to the defendant.

Counsel for the defendant cites *Barton v. State,* 79 *Ga. App.* 380 (2) (53 S. E. 2d 707) in support of his position. In that case there was conflict in testimony of witnesses for the State on material matters (even as to the corpus delicti). In the instant case there are no conflicts in the evidence as to the corpus delicti and indeed, we think, no material conflicts otherwise. It is true that the defendant in his statement said that one of the codefendants stated that he got $2000 out of the storehouse. Three other witnesses swore to the same effect. We can not conceive that this is a variance in the material evidence in the case. It must be kept in mind that there was no burden on the State to prove that all of the articles alleged to have been taken from the storehouse were taken. It is sufficient that the State prove the breaking and entering by the defendant and his coconspirators and prove that the defendant took any of the articles alleged in the indictment, from the storehouse. If the State did this the crime of burglary was made out regardless of what other articles may or may not have been taken. The charge of which complaint is made is

not cause for reversal and this special ground is not meritorious.

*Judgment affirmed. Townsend and Carlisle, JJ.,* concur.

DECIDED APRIL 24, 1957.

*George T. Bagby, William Hall,* for plaintiff in error.

*Robert J. Noland, Solicitor-General, James I. Parker, Assistant Solicitor-General,* contra.