### 37547. DAWSON *v.* THE STATE.

TOWNSEND, Judge. 1. Although goods burglarized from a store building have no particular marks for identification, the coincidence of their correspondence in quantity, variety, and brand with those found in the defendant's recent possession may, with other evidence, constitute sufficient identification of the stolen property. *Jordan* v. *State*, 119 *Ga.* 443(2) (46 S. E. 679).

2. "There was no burden on the State to prove that all of the articles alleged to have been taken from the storehouse were taken. It is sufficient that the State prove the breaking and entering by the defendant and his coconspirators and prove that the defendant took any of the articles alleged in the indictment from the storehouse. If the State did this the crime of burglary was made out regardless of what other articles may or may not have been taken." *Duke* v. *State*, 95 *Ga. App.* 620 (98 S. E. 2d 599).

3. "In an indictment for larceny or for burglary the ownership of personal property may be laid in the person having actual lawful possession of the property, although he may be holding it merely as the agent or bailee for another." *Bennett* v. *State*, 28 *Ga. App.* 235 (110 S. E. 756).

4. The defendant H. S. Dawson was indicted with one Haney for the burglary of the place of business of Howard Robins, the indictment alleging that three television sets, described by size and brand name, 4 Fanfare wireless inter-com sets, 1 television and radio serviceman's kit and 1 radio were stolen. A breaking and entry were proved. Two of the inter-com sets were recovered from the possession of Haney and the remainder of the property from the possession of the defendant. The prosecutor identified his serviceman's kit positively, and as to the television sets stated that they had been left with him for repair, that he did not have the serial numbers

but believed them to be the articles stolen from his store; that they looked exactly like them; that one of the T.V. sets had "a different colored speaker cloth than found on T.V. sets and I believe I could identify that T.V. set by the cloth being on there." The property was stolen between 11 p.m. and 9 a.m. A witness saw both the defendant and Haney in front of the prosecutor's store at 5 a.m. and saw Haney enter the store. Haney testified: "I was with Hal Dawson when these articles were taken on Beecher Street. . . I was under the impression that Mr. Dawson had bought some televisions from this Dicky's television shop and he wanted me to move them for him, that he was going to work on them. I told him that I would and we carried them down to his mother's house." The evidence is accordingly sufficient, as against the general grounds of the motion for new trial, to show the guilt of the defendant and the identity of the property stolen. The special ground of the motion is abandoned in the brief of counsel for the plaintiff in error.

The trial court did not err in denying the motion for new trial.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*

DECIDED FEBRUARY 13, 1959.

*Francis Y. Fife,* for plaintiff in error.

*Paul Webb, Solicitor-General, Frank S. French, Eugene L. Tiller,* contra.