## 48818. HUNNICUTT v. THE STATE.

Bell, Chief Judge. Defendant appeals from the judgment of conviction and sentence for voluntary manslaughter. The only error enumerated is the denial of a motion for continuance. The trial court had a calendar call on Friday, August 3, 1973 at about 9 a. m., at which time counsel for defendant announced "Ready." Around noon on the same day accused's counsel served a demand on the district attorney for a copy of the indictment and for a list of witnesses as well as a motion to suppress the evidence. The district attorney complied with the demand just prior to the trial on Monday, August 6, 1973. At the commencement of the trial the motion for continuance was made on the basis that the furnishing of the indictment and the list of witnesses immediately prior to trial deprived the defendant of the opportunity to interview the state's witnesses. In *Fishman v. State,* 128 Ga. App. 505 (197 SE2d 467) we held that responding to defendant's demand just immediately prior to trial was an empty compliance with Code Ann. § 27-1403 and under the circumstances of that case, the overruling of a motion for continuance and forcing the defendant to immediate trial was reversible error as it constituted an abridgment of the substantial benefits of the right to counsel. While under the facts in *Fishman* the court properly entered a reversal, here the facts are so substantially different as to make the compliance with § 27-1403 a proper compliance and not an empty one. Under the facts of this case it is obvious that counsel is attempting to

interject error. The courts cannot tolerate this practice unless in fact the interjected error was harmful. Here, the error, if any, was harmless. In addition to counsel's announcement that he was ready for trial prior to the service of the demand, defense counsel made the statement to the trial judge on Friday, August 3, 1973, that he could not appear for a hearing on his motion to suppress until August 6, 1973, as he was too busy with other "things" and was going to "leave town." This permits the inference that had he been served instanter he had no intention to use the list to contact and interview prosecution witnesses, and the service of the demand 3 days prior to trial was made for purposes of delay only. There does not appear to be any denial of the right to effective assistance of counsel and the trial judge did not abuse his discretion by denying the motion for continuance.

*Judgment affirmed. Quillian and Clark, JJ., concur.*

SUBMITTED JANUARY 7, 1974 — DECIDED JANUARY 24, 1974.

*I. Burl Davis, Jr.,* for appellant.

*Fred M. Hasty, District Attorney, Walker P. Johnson, Jr., Walter J. Matthews,* for appellee.