51488. HUDSON et al. v. THE STATE.

MARSHALL, Judge.

Defendants below, Hudson and Leggett, jointly were indicted, tried by jury and convicted of burglary. The defendant Hudson was sentenced to 15 years. The same trial judge previously had probated an earlier offense of burglary committed by the defendant Leggett, treating that offense as a first offender violation. Upon conviction of this second burglary offense, the judge simultaneously vacated the earlier probation and imposed sentences for both convictions, five years for the first and ten years for the present conviction, such sentences to be served consecutively. Each appellant appeals the present conviction and sentence, altogether raising some fourteen enumerations of error. *Held:*

1. Appellants complain that the trial court erred by limiting improperly the scope of cross examination of several state's witnesses (Enumerations 1, 2, 3, 6, 12 and

13). These areas of inquiry dealt with impeachment, possible hope of reward in another criminal matter by cooperating in the present trial, and ability or lack of ability to observe who was involved in a group of five persons ostensibly handling the alleged stolen property.

There exists a right in every party to a thorough and sifting cross examination (Code § 38-1705) which is in fact a constitutional right. *Ralph v. State,* 124 Ga. 81 (52 SE 298). Great latitude should be allowed in cross examination. *Mitchell v. State,* 71 Ga. 128 (6).

It is recognized, however, that the scope of cross examination is not unlimited. That extent necessarily must rest largely within the discretion of the trial judge in order to keep the questioning within reasonable bounds. It is error only when this discretion is abused. *Gravitt v. State,* 220 Ga. 781 (141 SE2d 893). The extent of cross examination can be curtailed if the inquiry is not relevant or material. *Clifton v. State,* 187 Ga. 502, 508 (2 SE2d 102). Furthermore, cross examination is not permitted to become repetitious as to matters already fully developed on cross examination. *Thompson v. State,* 166 Ga. 758 (10) (144 SE 301). Additionally, prejudice must be shown by the exclusion of the question asked on cross examination. *Dill v. State,* 222 Ga. 793 (152 SE2d 741). Such prejudice is not shown where the evidence sought is irrelevant, of dubious value, denied by the witness, or the information sought is obtained substantially from the same or other witnesses. *Curtis v. State,* 224 Ga. 870 (6) (165 SE2d 150); *Freeman v. State,* 230 Ga. 85 (1) (195 SE2d 416).

Our examination of this transcript confirms that a thorough and sifting cross examination of each state witness was permitted and that the rulings of the trial judge in denying the specific questions contained in each of the six enumerations dealing with cross examination were correct.

2. In Enumerations 4, 5 and 7, appellants complain that the trial court erred in allowing the state's prosecutor to cross examine his own witness and allowing a witness for the state to give conclusionary evidence and to respond to leading questions.

We have examined each of the alleged improprieties. Within the context of the trial proceedings, we are not

convinced that the prosecutor was leading his witness improperly or that the witness was being impeached by the state. Even if we were constrained to find to the contrary, we would find no prejudice to either of the defendants. It is within the sound discretion of the trial court to allow leading questions. Code Ann. § 38-1706 (5872; 1045 PC). Absent a showing of abuse, and we find none, the allowance of such questioning furnishes no ground for reversal. *Hawthorne v. Pope,* 51 Ga. App. 498, 501 (180 SE 920).

3. In Enumerations 9 and 10, appellants contend the trial court erred in allowing the victim's wife to identify and testify from an inventory of the stolen items prepared by the victim (absent from the trial because of a heart attack) and by admitting that inventory as an exhibit. The evidence reflects that the witness was individually familiar with most of the items appearing on the inventory, having accompanied her husband when the items were purchased and later having seen them on display in the burgled store. Furthermore, she stated she knew from personal knowledge that many of the items on the inventory were missing from the store after the burglary. The inventory was used as a vehicle to refresh the recollection of the victim's wife. She could consider the document for that purpose. *Harrison v. Lawthorne,* 130 Ga. App. 314 (203 SE2d 292). Moreover, the items on the list recognized by the witness as missing were identical to those same items recovered from the possession of appellants and were similar to the items seen by police officers in the possession of the appellants. There was no burden on the state to prove that all articles on the inventory alleged to have been taken in fact were taken. It is sufficient that the state prove the breaking and entering by the defendants and prove that they took any of the articles alleged to have been stolen from the victim's establishment. Since the state did this, the crime of burglary was made out regardless of what other articles may or may not have been taken. *Dawson v. State,* 99 Ga. App. 115 (107 SE2d 847); *Duke v. State,* 5 Ga. App. 620 (98 SE2d 599). Since many of the stolen items were identified by the victim's wife, the admission of a complete listing on the inventory if error was at most harmless error.

4. In their eighth enumeration of error, appellants assert the trial court erred in denying their oral motion to suppress evidence obtained from a search of the car in which they were riding when they were arrested. The motion to suppress was made orally. A motion to suppress which is made orally is procedurally defective and a denial thereof is authorized. *Graves v. State,* 135 Ga. App. 921 (219 SE2d 633).

5. In Enumeration 11, appellants contend the trial court erred in denying their motion for a directed verdict of not guilty. The evidence was sufficient to submit the issue of guilt or innocence to the jury. There is no merit in a contention that the trial court erred in so doing. *Merino v. State,* 230 Ga. 604 (198 SE2d 311).

6. In the final enumeration (14), appellant Leggett argues the trial court erred in admitting during the sentencing phase an indictment reflecting a first offender record not yet reduced to a conviction or sentence. Ga. L. 1968, pp. 324, 325 (Code Ann. § 27-2727). The cited section of Georgia Laws provides for the deferment of a judgment of guilt and further proceedings pending a satisfactory period of probation. A violation of the terms of probation, or conviction of another crime authorizes the court to enter an adjudication of guilty and proceed with the sentencing procedures provided by Ga. L. 1974, pp. 352, 357 (Code Ann. § 27-2503).

The same trial judge had placed Leggett on probation under the First Offender Act in 1974. Since the same trial judge presided at both trials, and acknowledged his recollection of the first proceedings, the trial court proceeded in accordance with the provision of Code § 27-2727 and entered an adjudication of guilt for the first offender offense. Then, in accordance with the provisions of Code § 27-2503, the court imposed sentence for both crimes.

*Judgment affirmed. Bell, C. J., and Webb, J., concur.*

SUBMITTED NOVEMBER 3, 1975 — DECIDED JANUARY 16, 1976 — REHEARING DENIED JANUARY 30, 1976.

*Jack Dorsey,* for appellants.

*Lewis R. Slaton, District Attorney, Carole E. Wall, Joseph J. Drolet, Assistant District Attorneys,* for appellee.