## 53745. THE STATE v. MATHIS.

BELL, Chief Judge.

This is an appeal by the state from an order of the trial court sustaining defendant's motion to suppress evidence seized from defendant's person based on a warrantless arrest.

On September 15, 1976, a Savannah police officer

while on a shoplifting detail at a local drug store, saw defendant approach one Cuyler and heard him ask if Cuyler knew him. Upon denial, the defendant said, "Yeah, you know me" followed by "Come outside. I think I got something you're interested in." They then left and the officer followed. He observed the two conversing on the street on two occasions. The second time he saw Cuyler hand cash to the defendant, who in turn reached into his left sock and removed a brown manila envelope which he handed to Cuyler. The defendant was known to the officer as a drug dealer. Defendant was then arrested and his person was searched and the evidence seized. An additional envelope was found in defendant's left sock and three others were found in his right sock. *Held:*

The facts and circumstances here reveal that the arresting officer had probable cause at the time to believe that defendant was committing the offense of unlawful possession and sale of drugs and therefore had the authority to make a permissible warrantless arrest. Code § 27-301; *Brice v. State,* 129 Ga. App. 535 (199 SE2d 895). The accompanying incident search and seizure was likewise lawful. Code § 27-301. The trial court erred in granting the motion to suppress.

*Judgment reversed. Deen, P. J., Webb, Marshall, McMurray, Shulman and Banke, JJ., concur. Quillian, P. J., and Smith, J., dissent.*

Submitted April 4, 1977 — Decided July 14, 1977 — Rehearing denied July 29, 1977 —

*Andrew J. Ryan, III, District Attorney, Robert M. Hitch, III, Assistant District Attorney,* for appellant.
*Adam P. Cerbone,* for appellee.

Smith, Judge, dissenting.

Because I believe the police officer lacked antecedent probable cause for an arrest, and since a search "incident to" that arrest would therefore be invalid, I would affirm the trial court. I must, therefore, dissent.

At a hearing on the motion to suppress, the state

presented one witness, a Savannah police officer. The officer testified that while surveilling a drug store for shoplifting, he saw the defendant approach another man and tell him, "Come outside. I think I got something you're interested in." The officer did not know the defendant's name at the time, but he testified that he knew him to be a "drug dealer." In response to questions from the court and from the defense counsel, the officer was unable to explain *how* he knew, prior to the arrest, the defendant was a drug dealer. He followed the defendant outside and watched as the two men moved about and conversed. Finally, he saw the defendant receive cash from the man and then reach in his sock and hand the man a manila envelope. He testified that the defendant acted nervously at the time. At this point the officer arrested the defendant "for the sale of drugs," and in an incident search the evidence sought to be suppressed was uncovered.

Near the end of the hearing the following exchange took place during cross examination of the officer by defense counsel: "Q. Have you ever seen him [the defendant] sell drugs before? A. No sir. Q. But you know he is a drug dealer? A. That is correct, sir. Q. All right sir, do you usually make arrests by hunches? A. No, sir. Q. You usually have facts on which to base them? Base your arrest on? A. Yes, sir. Q. Where were your facts in this case? A. In this particular case I used my intuition. Q. Intuition? A. That's correct. Q. Okay, this came from your police experience? A. Yes, sir."

After hearing this undisputed evidence that the officer acted on his intuition in making the arrest, the court granted the defendant's motion to suppress. It would be a surprising, indeed, historic, departure from the existing body of Fourth Amendment doctrine for this court to hold that a police officer's intuition can provide the probable cause for an arrest. Where has gone our concern for the concrete facts, articulable suspicions, reliable informants, exigent circumstances, impartial magistrates, and the whole panorama of concepts designed to safeguard personal security and liberty, if we are to allow an arrest — the ultimate interference with personal freedom — based merely upon an experienced police officer's intuition?

The police officer here did not have to walk away and ignore the situation which had developed before him. Clearly, the activities he witnessed would have justified a brief detention and questioning. Terry v. Ohio, 392 U. S. 1 (88 SC 1868, 20 LE2d 889). But an arrest, admittedly based on a hunch, is not valid, even though the hunch may have proved correct. Accordingly, a search based on the invalid arrest is likewise invalid, and the evidence seized in that search was properly suppressed. I would affirm the decision of the trial court.

I am authorized to state that Presiding Judge Quillian joins in this dissent.