## 54558. ERVIN v. THE STATE.

McMURRAY, Judge.

State revenue agents searching for an illegal liquor still in Jackson County observed three men crossing a remote pasture. Two of these men were carrying black plastic sheets or bags on their backs into the woods. Later the defendant Ervin walked up to the state revenue agents who were standing near a pick-up truck they had found parked in the vicinity of the gate to the pasture. Upon inquiry by the agents as to whether he had "seen anybody in here today or anything like a still," the defendant answered, "No, sir . . . There's nobody in here but me." The agents allowed him to leave in the pick-up truck, and followed him a mile or so until he went out of sight. They later returned to investigate the scene and found approximately 13 shocks of drying marijuana stalks. They also found marijuana in plastic sheets. The agents then went to the Banks County courthouse to advise agents of the Georgia Bureau of Investigation (GBI) and the local sheriff's department. The officers returned to the scene, found the marijuana (approximately 400 pounds) just as they had left it, and destroy-

ed the marijuana by burning it other than the evidence used in this case.

The defendant Ervin was placed under arrest and he gave a statement of his involvement in the marijuana enterprise. Thereafter, another defendant gave an oral statement in which he admitted his presence in the pasture on the afternoon in question.

Defendant Ervin was indicted along with two co-defendants and charged with violation of the Georgia Controlled Substances Act. The three defendants were then tried jointly. Defendant Ervin and one of the co-defendants (the one who had given an oral statement admitting his presence in the pasture) were convicted and each was sentenced to serve a term of seven years (two in confinement and five on probation). The other co-defendant, upon his motion, was favored with a directed verdict of acquittal. We are concerned here only with the defendant Ervin who, upon having his motion for new trial denied, appeals. *Held:*

1. Counsel for defendant Ervin had been given a leave of absence on his request to argue a case in the Supreme Court and was excused from appearing on the regular arraignment day for that particular term of court. Counsel was told to return on Monday, March 21, 1977, and counsel did return on that date, but arraignment was not held as to the defendant Ervin at that time. Counsel did not file his demand for a list of witnesses until the morning of March 25, 1977 (the day of trial) although dated March 21, 1977, at which time he requested formal arraignment and requested a list of witnesses. Counsel then moved for a continuance on the basis that demand for a list of witnesses had just been made and given to him, and he needed time to look into the witnesses, contending he needed two or three days to interview them. This motion was denied after the trial court reviewed the circumstances. In *Hunnicutt v. State,* 130 Ga. App. 630 (204 SE2d 310), this court has held, under similar facts, that the request for the list of witnesses and the motion for continuance were made merely for the purpose of delay. Here it is shown that counsel knew in advance of the regularly scheduled arraignment day that he would be absent and was excused from attending on March 14,

1977, and was told to return for arraignment of his client on Monday, March 21, 1977. On neither of these occasions did counsel move for a list of witnesses but only shortly before arraignment on the date of the trial. The trial court did not err in denying the motion for continuance.

2. The final enumeration of error is that the trial court erred twice in refusing to allow counsel for the defendant Ervin "to look at and examine the written confession or admission of George R. Ervin which was supposedly signed by George R. Ervin" citing Code § 38-1705 (right of cross examination of witnesses).

During the course of a Jackson v. Denno (Jackson v. Denno, 378 U. S. 368 (84 SC 1174, 12 LE2d 908)) hearing outside the presence of the jury a state's witness (GBI agent) on cross examination by counsel for defendant Ervin testified, "Q. Allright. Do you have the statement that he made? A. Yes sir. I have the statement he made. Q. Could I see it, please sir?" The district attorney objected to the statement being furnished to defense counsel. Counsel argued that it was necessary for him to see the statement in order to properly cross examine the witness. The trial court declined to grant defense counsel's request. Counsel then moved to exclude the statement of defendant Ervin, as well as the statement given by one of the co-defendants since it was counsel's understanding that these statements incriminated the other defendants. Counsel further contended that the statements were inadmissible since the defendants were not going to testify and it denied them the right of cross examination. Whereupon, the trial court ruled ". . . I will not permit any statement that Mr. Ervin made to this man, anything that he said about the other Defendants, I will not admit it . . . Anything he said in that statement about himself, I will permit." The trial court instructed the state's witness that he could not mention anything the defendant Ervin said to him that either of the co-defendants said or did and ruled that the statement was admissible.

The jury was returned to the open courtroom and the state's witness continued testifying. The witness then gave testimony giving the details of the statement of defendant Ervin without mentioning the name of either of the co-defendants or what either of the co-defendants may

have said or done. The witness also testified that the original statement was signed by the defendant Ervin. No attempt was ever made by the state to introduce the signed statement itself into evidence for the jury's consideration.

Another Jackson v. Denno hearing was conducted outside the presence of the jury concerning the oral statement of the co-defendant who had given an oral statement admitting his presence in the pasture. The trial court gave the state's witness similar instructions as had been given previously relative to testimony relating the statement of defendant Ervin, that is, he could not mention anything the co-defendant said to him that either of the other defendants said or did. The trial court ruled that this statement was admissible.

Again the jury was returned to the open courtroom and the state's witness continued testifying. The witness then gave testimony giving the details of the statement of the co-defendant without mentioning the name of the defendant Ervin or the other co-defendant or what either of them may have said or done.

On cross examination of the state's witness counsel for defendant Ervin again requested to see the statement "you read from Mr. Ervin there." The district attorney objected to counsel having the statement and stated, "[h]e was referring to his notes and testifying from his notes." Counsel responded, "[w]ell, I have a right to see that . . ." urging that "[t]he right of cross-examination is basic." The trial court ruled "I will sustain the objections to him producing the notes from which he read. Proceed." Counsel proceeded with "[w]ell, let me ask you this. Q. Weren't you reading directly from a statement that you have in your file? A. Not directly, no. Q. Well, what did you change? Did you change anything?. . . Q. Did you change anything? A. I did at the request of the Court." (The trial court had previously instructed this witness outside the presence of the jury that he was not to mention anything defendant Ervin told him the other co-defendants said or did. Similar instructions were given outside the presence of the jury relative to testimony relating details of the statements of the co-defendant.)

In order to insure that the Bruton rule (Bruton v.

United States, 391 U. S. 123 (88 SC 1620, 20 LE2d 476)) was not violated during the course of the trial it was incumbent upon the trial court to give the foregoing instructions to the state's witness. See also Code § 38-414.

In view of the rights of an accused secured by the Sixth Amendment of the Constitution of the United States (Code § 1-806) it goes without saying that the right of cross examination is basic. Code § 38-1705 indeed provides, "[t]he right of cross-examination, thorough and sifting, shall belong to every party as to the witnesses called against him. . ." However, "[t]he scope of cross examination lies largely within the discretion of the trial court and will not be disturbed absent a showing that this discretion has been abused. *Davis v. State,* 230 Ga. 902 (3) (199 SE2d 779) (1973)." *Hodge v. State,* 239 Ga. 612 (3) (238 SE2d 404).

Counsel for defendant Ervin made his requests during cross examination in the course of the trial. There had been no subpoena for the production of documentary evidence issued nor notice to produce filed nor Brady motion filed. "Where a party desires to compel production of books, writings or other documents or tangible things in the possession, custody or control of another party, in lieu of serving a subpoena under this section, the party desiring such production may serve a notice to produce upon counsel for such other party. . . The notice shall be in writing, signed by the party seeking production of the evidence, or his attorney, and be directed to the opposite party or his attorney." Code Ann. § 38-801 (g) (Ga. L. 1966, p. 502). "Section 38-801 shall apply to all civil cases, and, insofar as consistent with the Constitution, to all criminal cases." Code Ann. § 38-802 (Ga. L. 1966, pp. 502, 504). See *Brown v. State,* 238 Ga. 98, 101 (231 SE2d 65).

We' do not here decide the issue of whether an accused, over objection by the state, is entitled to have his incriminating statement or confession furnished to him solely as the result of the issuance of a subpoena or the timely filing of a notice to produce.

Assuming arguendo that defense counsel's requests constituted Brady motions, the defendant has the burden of showing that there has been evidence withheld which was materially favorable to his case. *Shaw v. State,* 239

Ga. 690, 693 (238 SE2d 434). The defendant Ervin has not met his burden of showing how his case has been materially prejudiced. *Tarpkin v. State,* 236 Ga. 67, 69 (222 SE2d 364). Furthermore, under the circumstances of this case the trial court's failure to provide defendant Ervin with the statement did not violate his right to a fair trial since it was a statement made by the defendant himself. *Hudson v. State,* 237 Ga. 443, 444 (228 SE2d 834).

In *Hurt v. State,* 239 Ga. 665, 672 (6) (238 SE2d 542) the Supreme Court of Georgia has said, "[w]e do not hold that an accused is entitled to receive from the state any documents which are not favorable or arguably favorable to him." What is involved here is an unfavorable admission made by the defendant Ervin of his involvement in the marijuana enterprise.

This enumeration of error is not meritorious.

*Judgment affirmed. Bell, C. J., and Smith, J., concur.*

ARGUED SEPTEMBER 21, 1977 — DECIDED JANUARY 10, 1978.

*Guy B. Scott, Jr.,* for appellant.

*Nat Hancock, District Attorney, L. Elizabeth Lane, Assistant District Attorney,* for appellee.