## 55028. SIMS v. THE STATE.

McMURRAY, Judge.

This case involves an indictment of the defendant for two counts of aggravated assault. The defendant had shot two persons with a 30/30 caliber rifle he had obtained from his automobile after an altercation. Defendant was sentenced to serve a term of 10 years upon each count, the trial court reserving its right to modify the sentence, "as provided by law." Motion for new trial was filed and denied and defendant appeals. *Held:*

The sole argument found in defendant's brief is concerned with the denial of defendant's counsel an opportunity to examine an alleged confession or admission made by the defendant to police officers after his arrest. Counsel contends that this constituted a violation of his constitutional rights under the Fifth and Fourteenth Amendments of the Constitution of the United States of America. As in the recent case of *Ervin v. State,*

144 Ga. App. 504, the confession or admission was not submitted in evidence but a police officer testified to its contents. However, the defendant herein raises the additional attack of being in violation of the Fifth and Fourteenth Amendments, whereas in the *Ervin* case, supra, the defendant there merely raised an attack that there was violation of his right to a thorough and sifting cross examination of the witness. Here the trial court allowed defense counsel to examine the statement as follows: "Mr. Scott, you may look at the statement." There is nothing in the record and transcript that affirmatively shows that the court ever rescinded the grant of defense counsel's request to examine the statement. Also, there is nothing to show that defense counsel did not abandon the effort to examine the statement. Here the objection was made during a Jackson v. Denno hearing (Jackson v. Denno, 378 U. S. 368 (84 SC 1774, 12 LE2d 908)). As was held in *Ervin v. State,* supra, the defendant has not shown that he was entitled to examine the statement during the Jackson v. Denno hearing. The sole purpose of such hearing is an opportunity for the trial judge to rule on the preliminary issue relative to the admissibility of an alleged incriminatory statement, that is, that any admission or confession was freely and voluntarily given. Further, the contents of the statement were read to the jury in this instance when defense counsel requested that the witness read it.

*Judgment affirmed. Quillian, P. J., and Webb, J., concur.*

SUBMITTED JANUARY 10, 1978 — DECIDED
FEBRUARY 15, 1978.

*Guy B. Scott,* for appellant.
*Harry N. Gordon, District Attorney, B. Thomas Cook, Jr., Assistant District Attorney,* for appellee.