## 56090. IVEY v. THE STATE.

MCMURRAY, Judge.

Defendant was indicted for the offense of burglary, and after trial before the court without a jury defendant was found to be guilty. Defendant's motion for new trial relies on the general grounds, as well as his contentions that the trial court had erred in admitting testimony of an agent of the Georgia Bureau of Investigation (GBI) as to statements made by defendant, in failing to allow his attorney to examine the notes of the GBI agent, and in failing to properly consider the defense of duress. The motion was denied. Defendant appeals. *Held:*

1. The state's evidence was that the defendant had visited Norwood Mercantile shortly before the burglary seeking credit in order to buy certain grocery items including flour and lard. The credit was refused, and a heated discussion developed which resulted in defendant being asked to leave the premises. That night Norwood Mercantile was burglarized, the safe broken into, the money taken therefrom, several Timex watches stolen

from a watch case, and several grocery items disturbed and moved from their normal location, including a sack of flour and a bucket of lard. After receiving the Miranda warnings defendant was questioned regarding the burglary and made a statement to a GBI agent that he had been forced at gunpoint to participate in the burglary by a white man unknown to him who was driving an old Chevrolet automobile, and that the only spoils of the crime he received was a Timex watch which he had given to his son. The state's evidence, in its totality, is sufficient to support the conviction. *Ridley v. State,* 236 Ga. 147, 149 (223 SE2d 131).

2. Defendant contends that his statement was obtained by the GBI agent without his having been sufficiently advised of his rights. In his argument in support of this contention the defendant has relied heavily on the fact that he can neither read nor write. The GBI agent testified that prior to the two instances on which he questioned the defendant he read the Miranda rights (Miranda v. Arizona, 384 U. S. 436 (86 SC 1602, 16 LE2d 694)) to defendant and that defendant stated to him that he understood his rights. The GBI agent testified that he inquired as to whether defendant could read or write and learned that he could not read or write and adjusted his procedure to compensate for this factor by taping his conversation with the defendant in lieu of having defendant sign the forms which would normally be used.

The fact that defendant was unable to read and write is certainly one factor to be considered in determining whether a defendant has freely and voluntarily waived his rights to silence and an attorney before making a statement to a law enforcement officer, but the fact of the lack of literacy does not dictate a determination that there has been no voluntary knowledgeable waiver. The GBI agent having testified that he gave the Miranda warnings to the defendant, explained these warnings, and tape recorded the conversation in lieu of having defendant sign the customary forms constituted sufficient evidence from which the trial court was authorized to find that the waiver made by defendant was voluntarily made and with knowledge of his right to remain silent. The trial court's

findings are not shown to be clearly erroneous and therefore must be accepted by this court. *High v. State,* 233 Ga. 153 (210 SE2d 673). See also Lego v. Twomey, 404 U. S. 477 (92 SC 619, 30 LE2d 618); *Thomas v. State,* 233 Ga. 237, 240 (210 SE2d 675).

3. The GBI agent prepared a memorandum from the tape recording of his conversation with the defendant and used this memorandum to refresh his memory before he testified. Defense counsel requested to see this memorandum, and the state objected. The trial court sustained the state's objection and defendant enumerates as error the failure to allow his attorney to examine this memorandum. There had been no subpoena for the production of this memorandum issued, and no notice to produce nor Brady motion filed. Under the ruling of this court in *Ervin v. State,* 144 Ga. App. 504, 508 (241 SE2d 650), even if the defense counsel's request is viewed as constituting a Brady motion, the defendant has not met his burden of showing how his case has been materially prejudiced by the refusal of the trial court to allow defense counsel to examine the memorandum. This enumeration of error is without merit.

4. Defendant's final enumeration of error is that the trial court failed to consider that the defense of duress was present throughout the trial, and no attempt was made by the investigating officers to disprove this defense. The defendant admitted participating in the burglary of Norwood Mercantile but further stated that he did so under duress due to threats on his life by a white male whom he did not know. Defendant testified that he was walking along the road when the white male drove up along side of him and, by threatening him with a pistol, forced him to accompany him in perpetrating the burglary. The trial court as the trier of fact was authorized to believe portions of defendant's testimony and to reject other portions. This contention by defendant goes to the weight of the evidence, but this court cannot consider the weight of the evidence but may only consider the sufficiency of the evidence as governed by the any evidence rule. There being some evidence that defendant perpetrated the burglary of his own free will, no error

results from the rejection of that portion of defendant's testimony which supports the defense that defendant acted under duress. *Ridley v. State,* 236 Ga. 147, 149, supra.

*Judgment affirmed. Quillian, P. J., and Webb, J., concur.*

ARGUED JULY 10, 1978 — DECIDED
SEPTEMBER 14, 1978.

*E. Purnell Davis,* for appellant.
*Kenneth E. Goolsby, District Attorney, Dennis C. Sanders, Assistant District Attorney,* for appellee.