## 58560. GOWDER v. THE STATE.

McMurray, Presiding Judge.

Defendant was indicted and convicted of the offense of burglary and was sentenced to eight years imprisonment. After the appeal was filed in this court, defendant's counsel submitted to this court a request for permission to withdraw from the case, based upon counsel's opinion that after conscientious examination of the transcript and record he finds the appeal to be wholly frivolous. Defendant's counsel accompanied his request

with a brief, setting forth three issues which he felt might arguably support the appeal and analyzed each of these issues, citing authority supporting his conclusion that none of these issues are meritorious. Defense counsel has certified that he has furnished his indigent client a copy of the brief. *Held:*

Defense counsel's actions satisfy the requirements set out in Anders v. California, 386 U.S. 738 (87 SC 1396, 18 LE2d 493), as the rules governing the manner in which appointed counsel may withdraw from a case on appeal. See also *Bethay v. State,* 237 Ga. 625 (229 SE2d 406). Under these decisions this court is required to examine fully the record and transcript and determine whether in fact the appeal is wholly frivolous.

The evidence was sufficient to support the verdict. *Harris v. State,* 234 Ga. 871, 873 (218 SE2d 583); *Harris v. State,* 236 Ga. 766, 767 (225 SE2d 263); *Moore v. State,* 240 Ga. 807, 811 (II (1)) (243 SE2d 1). A review by this court of the trial transcript and record convinces us, and we so hold, that a rational trier of fact (the jury in this case) could readily have found the defendant guilty beyond a reasonable doubt of the offense of burglary.

A typewriter which defendant sold to a third party was sufficiently identified as the typewriter taken in the burglary. The testimony that the typewriter which defendant sold to the third party was similar to the typewriter later recovered and identified as taken in the burglary is sufficient to allow the jury to reach the conclusion that the typewriter sold by defendant was the same as that recovered. The lack of identification by a serial number or other positive identification goes to the weight rather than the admissibility of this evidence. The trial court did not err in admitting the evidence regarding the typewriter in the face of the objection that it was insufficiently identified. *Dawson v. State,* 99 Ga. App. 115 (1) (107 SE2d 847).

The trial court's charge on the principle of recent possession of stolen property, when considered in its entirety, was not burden shifting and was authorized by the evidence. *Dixon v. State,* 144 Ga. App. 27, 29 (7) (240 SE2d 302).

After a full and careful examination of the transcript

and record we have determined this appeal is wholly frivolous. Accordingly, defense counsel is granted permission to withdraw, and the appeal is dismissed under the authority of *Bethay v. State,* 237 Ga. 625, supra. See also *Hill v. State,* 238 Ga. 564 (233 SE2d 796); *Byers v. State,* 149 Ga. App. 401 (254 SE2d 515).

*Appeal dismissed. Banke and Underwood, JJ., concur.*

DECIDED SEPTEMBER 13, 1979.

*Stanley R. Durden,* for appellant.
*Nat Hancock, District Attorney,* for appellee.