## 61378. JOHNSON v. THE STATE.

BIRDSONG, Judge.

Edward Lee Johnson was convicted of burglary and car theft, and sentenced to serve twenty years for burglary and ten years consecutively to serve for car theft. He brings this appeal enumerating as error the admission of a confession. *Held:*

In substance Johnson argues that the trial court employed an inadequate and improper test in determining voluntariness. The attack against the court's admission relies upon state's evidence that Johnson was unable to read and that the lack of literacy required the trial court to apply a more stringent test in determining voluntariness. There is no dispute that the appellant was given a full

Miranda warning and gave every indication of understanding the meaning and effect of the warning. Appellant did not offer any evidence; thus, other than illiteracy, there is no evidence of record that would show lack of understanding.

We reject any test more stringent than that required by Miranda v. Arizona, 384 U. S. 436, 474 (86 SC 1602, 16 LE2d 694). Certainly the fact that a suspect is unable to read or write is one factor to be considered in determining whether he has freely and voluntarily waived his rights to silence and assistance of an attorney before making a statement to a law enforcement officer, but the fact of the lack of literacy does not dictate a determination that there was not a voluntary, knowledgeable waiver. *Ivey v. State,* 147 Ga. App. 227, 228 (248 SE2d 334). We find no evidence in this transcript to indicate that the waiver of counsel and giving of the confession by Johnson was other than voluntary or made intelligently. *Hurt v. State,* 239 Ga. 665 (238 SE2d 542); *Miller v. State,* 155 Ga. App. 54 (270 SE2d 466). Our examination of the evidence relating to the confession discloses that it met all the requirements of Miranda, supra.

As a second facet of the attack on the admission of the confession, appellant argues that the trial court improperly limited appellant's cross examination of the officer who took the statement. Appellant's counsel sought to ask if the officer thought appellant was more or less intelligent than a person of average intelligence. The trial court curtailed the inquiry on the ground that questions of intelligence are medical in nature and the witness had not been qualified as an expert. We note that the trial court did not prohibit proper questions or limit inquiry where a proper foundation was laid. Counsel voluntarily abandoned any further inquiry along the lines indicated.

The right of cross examination is not abridged where the examination is limited by the trial court to relevant matters by proper questioning. The trial court did not curtail proper examination, but simply exercised its discretion to require counsel to obtain the information through proper questions. The fact that counsel abandoned the line of inquiry presents nothing for us to review. See *Crawford v. State,* 154 Ga. App. 362, 363 (268 SE2d 414). The trial court has a wide range of discretion in the control of cross examination. *Miller v. State,* supra. That discretion will not be limited in the absence of obvious abuse. *Freeman v. State,* 230 Ga. 85 (195 SE2d 416); *Hudson v. State,* 137 Ga. App. 439, 440 (224 SE2d 48). We find no abuse in the limitation of the scope of cross examination in this case. These enumerations of error are without merit.

*Judgment affirmed. Shulman, P. J., and Sognier, J., concur.*

DECIDED APRIL 22, 1981.

*James C. Wyatt,* for appellant.
*F. Larry Salmon, District Attorney, Steven Lanier, Assistant District Attorney,* for appellee.