## 61806. WATSON v. THE STATE.

CARLEY, Judge.

Appellant appeals from his conviction of burglary.

1. Appellant urges that his warrantless arrest was illegal and that his motion to suppress evidence seized as the result of his illegal arrest was erroneously denied.

The relevant facts are as follows: At approximately 3:30 a.m. appellant's stepfather presented himself at the police station. He reported to the police that appellant "had come into his house with a lot of — several items, miscellaneous items: cigarettes, cokes, razor blades and so forth and he said [that appellant] broke into some place

and took these items." At approximately 4:00 a.m., while appellant's stepfather was still at the station, the police received a report that a grocery store had been broken into a short time earlier that morning. An officer "went out to the store and talked to the owner and discovered at that time the items taken were generally what [appellant's stepfather] had told the [officer] that [appellant] had brought to his [stepfather's] home." The officer then began looking for appellant for questioning. Around 5:00 a.m. appellant's grandfather reported to the officer that appellant was "inside his house." Appellant's grandfather consented to the officer's request to enter his house to talk to appellant. The officer discovered appellant in a bedroom in his grandfather's house, "sitting over behind the bed facing the wall." Appellant was asked to come out from behind the bed and he complied with the officer's request. At that point, the officer noticed several "cigarette packs were sticking out of [appellant's] pockets." The officer recognized that "there were several packs of cigarettes" which comported with the general description of items reported earlier to him as the brand stolen from the grocery store. The officer, having seen that the packs of cigarettes matched the description of the stolen property, conducted a search of appellant. The search revealed that appellant had "[a]pproximately eighteen" packs of cigarettes on his person. It is the eighteen packs of cigarettes and a subsequent incriminating statement made to the police that appellant sought unsuccessfully to suppress as being the fruits of an unlawful warrantless arrest.

It is clear that under the circumstances there were "specific and articulable facts" authorizing the officer to seek out appellant and question him about the burglary of the grocery store. *Allen v. State,* 140 Ga. App. 828, 829 (1) (232 SE2d 250) (1976); *Orr v. State,* 145 Ga. App. 459, 462 (2) (244 SE2d 247) (1978); *Starr v. State,* 159 Ga. App. 386 (1981). The officer was aware that a crime had been committed and, based upon information supplied to him, had a "founded suspicion" that appellant might be involved. *Brisbane v. State,* 233 Ga. 339, 341 (211 SE2d 294) (1974). That appellant's stepfather was not shown to be a "reliable" informant is totally irrelevant. The information supplied by him was not relied upon by the officer as the basis for establishing probable cause to seize and search appellant, but rather as the "founded suspicion" for merely seeking out appellant for questioning. *State v. High,* 145 Ga. App. 772, 773 (2) (244 SE2d 888) (1978). Thus, the officer, who had the consent of appellant's grandfather to enter his house, was "rightfully" in the bedroom occupied by appellant "for purposes of investigation." *Brooks v. State,* 129 Ga. App. 393, 394 (199 SE2d 578) (1973). At that point, the officer observed appellant was in possession of items which

matched the description of those taken in the reported burglary. This was sufficient to establish probable cause to arrest appellant without a warrant on suspicion of the burglary. *Carney v. State,* 145 Ga. App. 660 (244 SE2d 603) (1978). See also *Reese v. State,* 145 Ga. App. 453 (243 SE2d 650) (1978); *State v. High,* 145 Ga. App. 772, supra; *Bradford v. State,* 149 Ga. App. 839 (256 SE2d 84) (1979). Although appellant's arrest was warrantless, it was valid and, therefore, a search under Code Ann. § 27-301 of his person was authorized. See *Humphrey v. State,* 231 Ga. 855 (204 SE2d 603) (1974); *State v. Mathis,* 143 Ga. App. 121 (237 SE2d 643) (1977); *Starr v. State,* 159 Ga. App. 386, supra. Appellant's motion to suppress was not erroneously denied.

2. Appellant urges that his confession was not "voluntary" and should not have been admitted into evidence. Appellant contends that he is functionally illiterate and that at the time he waived his rights and made the statement he was intoxicated. A Jackson-Denno hearing was held and, contrary to appellant's assertions there was ample evidence to support the trial court's determination that the confession was freely and voluntarily given. *Gunn v. State,* 244 Ga. 51 (1) (257 SE2d 538) (1979). "[T]he lack of literacy does not dictate a determination that there has been no voluntary knowledgeable waiver." *Ivey v. State,* 147 Ga. App. 227, 228 (248 SE2d 334) (1978). "A trial court may be authorized to find that an individual is capable of waiving his rights even though there is evidence to the effect that he is moderately retarded. [Cit.]" *Moses v. State,* 245 Ga. 180, 186 (263 SE2d 916) (1980). Appellant's assertion that he was too intoxicated to understand the nature of his acts was contradicted by the testimony of the officer who took the statement. *Brown v. State,* 152 Ga. App. 144 (3) (262 SE2d 510) (1979). There was no error in the admission of appellant's confession into evidence. *Hayes v. State,* 152 Ga. App. 858, 859 (3) (264 SE2d 307) (1980).

3. Two photographs of items recovered from appellant were introduced into evidence over appellant's objection that they had not been sufficiently identified as depicting items stolen from the grocery store. We have studied the transcript and find that the items in the photograph were adequately identified. See *Dawson v. State,* 99 Ga. App. 115 (1) (107 SE2d 847) (1959); *Gowder v. State,* 151 Ga. App. 339 (259 SE2d 726) (1979). Appellant's "best evidence" objection to the introduction of the photographs was properly overruled. *Willingham v. State,* 134 Ga. App. 603, 606 (3) (215 SE2d 521) (1975). The photographs were not erroneously admitted into evidence for any reason urged on appeal.

4. Appellant contends his sentence was "too harsh and severe." " 'Any question as to the excessiveness of a sentence, which in this

case was within the legal limits, should be addressed to the appropriate sentence review panel. [Cit.]' [Cits.]" *Robinson v. State,* 150 Ga. App. 642, 644 (7) (258 SE2d 294) (1979).

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED SEPTEMBER 22, 1981.

*E. Earl Seals,* for appellant.
*Arthur E. Mallory III, District Attorney,* for appellee.