67748. BIRT v. THE STATE.

BANKE, Judge.

The appellant was convicted of two counts of aggravated assault. On appeal, his sole contention is that the trial court erred in admitting into evidence an in-custody statement allegedly obtained from him against his will.

The police officer who obtained the statement testified that he advised the appellant of his Miranda rights and that the appellant acknowledged his understanding of these rights. Although the appellant argues that he was intoxicated and in need of medical care for a knife wound at the time, his testimony at trial was to the contrary. Also, the appellant's trial testimony contains many of the same incriminating admissions which appear in his statement to police and in many respects is merely an elaboration of that statement. *Held*:

Factual and credibility determinations made by a trial judge following a Jackson v. Denno hearing will not be disturbed unless they are clearly erroneous. See *Johnson v. State*, 233 Ga. 58 (209 SE2d 629) (1974); *Ingram v. State*, 137 Ga. App. 412 (1) (224 SE2d 527) (1976). See also *Johnson v. State*, 158 Ga. App. 333, 334 (280 SE2d 379) (1981); *Ivey v. State*, 147 Ga. App. 227, 228 (248 SE2d 334) (1978). The stringent standards set forth in *Riley v. State*, 237 Ga. 124, 128 (226 SE2d 922) (1976), cited by the appellant, relate to juveniles and do not apply to statements given by adults.

The trial court did not err in concluding from the totality of the circumstances that the appellant had given his statement freely and voluntarily, after full advisement of his Miranda rights. See generally *Gates v. State*, 244 Ga. 587, 590-591 (261 SE2d 349) (1979).

*Judgment affirmed. Shulman, P. J., and Pope, J., concur.*

DECIDED FEBRUARY 29, 1984.

*J. Curtis Hanks*, for appellant.
*W. Bryant Huff, District Attorney, Stephen E. Franzen, Assistant District Attorney*, for appellee.