## 72793. YOUNG v. THE STATE.
(348 SE2d 135)

DEEN, Presiding Judge.

The appellant, John Hill Young, was convicted of aggravated assault, for which he was sentenced to twenty years' imprisonment. On appeal, he enumerates as error several evidentiary rulings along with the general grounds.

On December 18, 1980, the appellant's late wife, Brenda Young, was hospitalized and underwent a series of operations to remove blood clots from her brain. Part of her skull had to be removed, necessitating placement of a plate to cover the opening; other permanent consequences included a large scar and a partial loss of vision.

A few days before that hospitalization, Brenda Young and the appellant had a domestic argument that was witnessed by Brenda Young's four-year-old daughter, and Linda and Arthur Ivey, who shared the residence. The daughter, who was eight years old at the time of the trial, testified that the appellant struck her mother and knocked her head against the refrigerator. The appellant and the Iveys recounted that he only slapped his wife; Linda Ivey also claimed that Brenda Young, after being slapped, deliberately banged her head on the refrigerator three or four times. In any event, the blow or blows Brenda Young received to her head caused a subdural hematoma that resulted in her hospitalization and surgery.

There was evidence that the appellant had beaten his wife on previous occasions, contrary to the appellant's testimony that the December 1980 slapping was the solitary episode of domestic, physical violence during the marriage. Atlas Vaughn, a cousin of Brenda Young who lived with the Youngs from June 1980 to August 1980, recalled two incidents where the appellant struck his wife with enough force to rock a man, much less Brenda Young, who was severely afflicted with rheumatoid arthritis. Brenda Young's mother also testified that on June 10, 1980, Brenda had called for help from a gas station/package store. The mother drove to the location and found Brenda severely beaten. At that time, the appellant cursed both his wife and her mother and brandished a straight razor; the mother had to pull a gun on the appellant to ward off his attack. Brenda Young was hospitalized three days because of that beating.

The police questioned the appellant after the December 1980 hospitalization of Brenda Young. The appellant claimed that he merely stated that he had slapped his wife, but the interrogating officer testified that the appellant admitted grabbing her, throwing her to the floor, and beating her head up against the wall and the floor. The officer gave the appellant a copy of the charges for aggravated battery and advised him that he would have to appear in court on January 22, 1981. The appellant never appeared, and a bench warrant

was taken out. The police eventually located and arrested him under the bench warrant in June 1985. *Held*:

1. During a hearing outside the presence of the jury, the investigating officer testified that he had written out a detailed summary of Brenda Young's account of the domestic violence of December 1980, and that during his interrogation of the appellant, the latter had given essentially the same account; rather than repeating the same summary, he simply noted that the appellant gave the same details as his wife. Brenda Young, however, died in 1984, and the trial court forbade any reference to or testimony about her statement. Before the jury, the officer thus testified in detail about what the appellant had stated.

After the appellant took the stand and denied making any statement to the officer other than that he had slapped his wife once, counsel for the appellant requested to see Brenda Young's statement. The appellant now contends that the trial court's denial of that request in effect denied his right to a full cross-examination of the police officer, since the officer's testimony was based on the victim's statement. As discussed above, however, the investigating officer's testimony was based on the actual oral statement given by the appellant, and the appellant's cross-examination of the officer was not curtailed in any manner by the trial court.

2. The appellant also contends that the trial court erred in allowing the victim's mother to testify about the incident of June 10, 1980, on the basis that such testimony impermissibly placed his character into issue. However, the mother's testimony was adduced in specific rebuttal of the appellant's preceding testimony that he had never struck his wife before the December 1980 episode and that he had never directed any animosity towards his wife's mother. "A witness may be impeached by disproving the facts testified to by him." OCGA § 24-9-82. If this impeachment evidence incidentally placed the appellant's character into evidence, the appellant should have requested limiting instructions from the trial court. *State v. Byrd*, 255 Ga. 665 (340 SE2d 891) (1986).

3. The record shows that the trial court, at the oral request of the appellant, agreed to charge the jury on simple battery as a lesser included offense of aggravated battery. It appears, however, that the trial court actually charged the elements of simple assault rather than simple battery, and the appellant now complains of that miscue. Review of the record also discloses that the appellant did not object to the jury charge or reserve the right to make objections, after the trial court specifically inquired about such, and thus waived the right to raise the issue on appeal. *Taylor v. State*, 174 Ga. App. 323 (329 SE2d 625) (1985).

4. Following her discharge from the hospital, Brenda Young and

her daughter resided with her mother. The mother was allowed to testify about her granddaughter's nervous behavior which she attributed to the child having witnessed the incident of December 1980, over the appellant's objection that such testimony was "not germane to the issue." "It is. not harmful error to admit evidence which is merely irrelevant and immaterial." *McDaniel v. State*, 197 Ga. 757, 759 (2) (30 SE2d 612) (1944). The appellant did not identify at trial or on appeal any harm in admitting this testimony, most likely because of its nonexistence.

5. Viewing the evidence in the light most favorable to the jury verdict, we conclude that the evidence authorized a rational trier of fact to find the appellant guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Benham, J., concurs. Beasley, J., concurs specially.*

BEASLEY, Judge, concurring specially.

I agree with all that is said in the opinion except for Division 1; as to it, I concur in the judgment only.

DECIDED JULY 16, 1986.

*Carl P. Greenberg*, for appellant.
*Robert E. Wilson*, District Attorney, *Susan Brooks, J. Michael McDaniel*, Assistant District Attorneys, for appellee.