## A02A1898. SMITH v. THE STATE.
(573 SE2d 472)

BLACKBURN, Chief Judge.

Mary Lezona Smith appeals her conviction by a jury of simple battery of a police officer and obstruction of a law enforcement officer. She contends that (1) the evidence was insufficient to support her conviction for obstruction, and (2) the trial court erred in abridging

---

[14] See *Dewberry*, supra at 626.

her right to review a document used by a State witness to refresh his memory and in allowing a police officer to testify about his feelings at the time of the incident. We affirm.

> On appeal from a criminal conviction, the evidence is construed in the light most favorable to the verdict of guilt, and the presumption of innocence no longer applies. An appellate court does not weigh the evidence or judge the credibility of the witnesses, but only determines whether the adjudication of guilt is supported by sufficient competent evidence.

*Bohannon v. State.*[1]

The record shows that on July 31, 2001, Clayton County police officers responded to a disturbance call involving a suspect with a knife at an apartment complex. When they arrived at the scene, the victim gave them a description of the man who had threatened him with a knife and said that the man had run into Smith's apartment.

The officers approached Smith's apartment and saw, through the open door, a person whose appearance matched the description given by the victim. In an attempt to investigate the incident, the officers asked the suspect to come outside and speak with them, but the suspect, Marcus Smith, refused. While the officers tried to speak with Marcus, other occupants of the apartment began yelling at them. Marcus continued to refuse to come outside.

In the midst of this confusion, Aaron Smith, Smith's grandson, exited the apartment holding a brown cigarette with a pungent odor. Officer Clendenen, thinking that Aaron had a marijuana cigarette, grabbed his hand in an attempt to determine if the cigarette was marijuana. Aaron pulled away from Clendenen and shoved him in the chest. When another officer grabbed Aaron, Smith came out of her apartment and began pushing and striking at the arms of the police officers and attempted to pull Aaron from the grasp of the officers.

1. We first address Smith's contention that the evidence was insufficient to support her convictions. A person commits obstruction when she "knowingly and willfully obstructs or hinders any law enforcement officer in the lawful discharge of his official duties." OCGA § 16-10-24 (a).

Smith argues that the evidence was insufficient to support her conviction for obstruction because Officer Clendenen was not lawfully discharging his duties when he grabbed Aaron's arm. Officer Clendenen testified that he grabbed Aaron's hand because the ciga-

---

[1] *Bohannon v. State*, 208 Ga. App. 576 (1) (431 SE2d 149) (1993).

rette he had in his hand was similar to a marijuana cigarette in odor, texture, and size, and because Aaron was holding and smoking the cigarette in the same manner in which he had observed others holding and smoking marijuana cigarettes. These are particularized and objective bases for suspecting that Aaron was involved in a criminal activity and justified Clendenen in stopping Aaron to determine if he had marijuana. Contrary to Smith's argument, Clendenen, in stopping Aaron, was lawfully discharging his duties.

> [A] police officer, even in the absence of probable cause, may stop persons and detain them briefly, when the officer has a particularized and objective basis for suspecting the persons are involved in criminal activity. To stop a citizen, the officer must possess more than a subjective, unparticularized suspicion or hunch. The officer's action must be justified by specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion, and the officer must have some basis from which the court can determine that the detention was neither arbitrary nor harassing.

(Citations omitted.) *State v. Banks.*[2] The stop was lawful, and the evidence was sufficient to meet the requirements of *Jackson v. Virginia.*[3]

2. Smith argues that the trial court committed reversible error when it abridged her right to review a document used by a State witness to refresh his memory. This argument has no merit.

At trial, Officer Clendenen used a copy of his police report solely to refresh his memory during direct examination. On cross-examination, Smith's counsel was permitted to review and use the police report in questioning Clendenen.

The next day, prior to resuming his cross-examination, defense counsel asked Clendenen to let him use the officer's copy of the police report. Clendenen replied that he had not brought the report back to court with him. When defense counsel asked for a recess so that Clendenen could get a copy of the report, the trial judge denied the request. Smith argues that the trial court's denial of her request unduly interfered with her right to a thorough and sifting cross-examination.

Our Supreme Court has held "that a defendant in a criminal case has the right, upon request, to examine a document used by a witness to refresh his recollection." *Baxter v. State.*[4] Here, Officer

---

[2] *State v. Banks*, 223 Ga. App. 838, 839-840 (479 SE2d 168) (1996).
[3] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).
[4] *Baxter v. State*, 254 Ga. 538, 548 (18) (331 SE2d 561) (1985).

Clendenen used the police report to refresh his memory on the first day of his testimony, and Smith was permitted to review and use the report on that day. Having refreshed his memory, Officer Clendenen did not bring the police report back to court on day two of his testimony. Smith did not subpoena the report for day two and did not even ask the officer to bring the report back to court. Under these facts, the refusal to interrupt the trial and require the officer to retrieve the report was within the sound discretion of the trial court.

As this Court has held,

> [t]here had been no subpoena for the production of this memorandum issued, and no notice to produce nor *Brady* motion filed. Under the ruling of this court in *Ervin v. State*,[5] even if the defense counsel's request is viewed as constituting a *Brady* motion, the defendant has not met his burden of showing how his case has been materially prejudiced by the refusal of the trial court to allow defense counsel to examine the memorandum. This enumeration of error is without merit.

*Ivey v. State.*[6]

3. Smith maintains that the trial court erred in allowing a police officer to testify about his feelings at the time of the incident. When the officer was asked by the State about his feelings, Smith's only objection was that the officer's feelings were "not relevant to the proceedings." "It is not harmful error to admit evidence which is merely irrelevant and immaterial. The appellant did not identify at trial or on appeal any harm in admitting this testimony, most likely because of its nonexistence." (Citation and punctuation omitted.) *Young v. State.*[7]

4. We have reviewed the remaining enumerations of error and find them to be without merit.

*Judgment affirmed. Johnson, P. J., and Miller, J., concur.*

DECIDED OCTOBER 31, 2002.

*Lloyd J. Matthews,* for appellant.

---

[5] *Ervin v. State*, 144 Ga. App. 504, 508 (241 SE2d 650) (1978).
[6] *Ivey v. State*, 147 Ga. App. 227, 229 (3) (248 SE2d 334) (1978).
[7] *Young v. State*, 179 Ga. App. 810, 812 (4) (348 SE2d 135) (1986).

*Keith C. Martin, Solicitor-General, Linda T. Day, Assistant Solicitor-General*, for appellee.